## 11685. HARRISON v. THE STATE.

1. The prosecuting attorney's reply to counsel for the defendant, in argument to the jury, as to the failure to introduce proof of bad character of the defendant, was not improper.
2. A verdict finding the defendant "guilty of shooting at another" was not a nullity, where he was indicted for assault with intent to murder by shooting at another.
(a) The question whether the verdict was a nullity could not properly be made a ground of a motion for a new trial.
3. In view of the note of the trial judge as to the purpose to which the testimony objected to was limited, and upon an examination of the record, it does not appear that he erred in admitting the testimony.

DECIDED DECEMBER 16, 1920.

Indictment for assault with intent to murder; from Randolph superior court — Judge Worrill. May 29, 1920.

*George H. Perry,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold,* contra.

LUKE, J. 1. Upon the trial of this case, and after argument of counsel, the defendant moved the court to "exclude from the consideration of the jury so much of the solicitor-general's argument as attacks and criticizes the defendant's character and his failure to put his character in issue, for the reason such argument is improper, illegal, and prejudicial, inasmuch as the defendant's character is not in issue." The court overruled the motion and stated that the argument of the solicitor-general was in response to what was said in the argument of the defendant's counsel. The argument of the solicitor-general that the defendant wished to exclude was as follows: "Defendant's counsel has said that the defendant's character must be good, for, if it is not good, the State should have brought witnesses here and proven to you that his character is not good." "The law presumes every man's character to be good, and the State is not permitted to produce witnesses to attack his character, unless he first puts his character in issue, and. this defendant has not done so in this case." The remark of the solicitor-general was a correct statement of the law, and was in direct reply to the argument of the defendant's counsel. It was not error for the court to overrule the motion.

2. The defendant being charged with assault with intent to murder by shooting another, the verdict of the jury finding him "guilty of shooting at another" was not a nullity, as averred by the defendant. Moreover, such a question can not be raised by a ground of a motion for a new trial.

3. In view of the trial judge's note, and upon an examination of the record, it does not appear that there was error in the admission of testimony as complained of by the defendant in ground 3 of the amendment to the motion for a new trial. The defendant was given a legal trial, the evidence authorized the verdict, and it was not error to overrule his motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*