18273.  ROBERTSON v. ÆTNA LIFE INSURANCE COMPANY *el al.*

BELL, J.  1.  In this case, which arose upon an application by the insurer for an award ending compensation, on the ground of a change in the condition of the injured employee, the deputy commissioner, appointed by the commission for the purpose of taking testimony, acted beyond his authority in dismissing the case, and it was competent for the commission to treat the application as still pending and to consider the testimony taken by the deputy commissioner, with that subsequently introduced, in determining the final disposition to be made of the application.  See Ga. L. 1920, p. 97, §§ 45, 52b.

2.  "An expert is one who by habits of life and business has a peculiar skill in forming an opinion on the subject in dispute.  *White* v. *Clements*, 39 *Ga.* 232."  *Ala. &c. R. Co.* v. *McKenzie*, 139 *Ga.* 410 (3) (77 S. E. 647, 45 L. R. A. (N. S.) 18).  A person who is neither a physician nor a surgeon may testify to an opinion on any medical question, "when the matter inquired about lies within the domain of the profession or calling which the witness pursues."  *Macon Ry. &c. Co.* v. *Mason*, 123 *Ga.* 773 (5) (51 S. E. 569).  One who has practiced as an x-ray specialist for fifteen years, and who has made a special study of the anatomy of the human body during that period, may testify to the making of x-ray pictures of certain bones of a particular person, and may give his opinion therefrom as to whether the bones have been injured, even though the witness is not a graduate of a medical school and has not been licensed to practice medicine.  *Clary* v. *State*, 8 *Ga. App.* 92 (2) (68 S. E. 615); *People* v. *Rice*, 159 N. Y. 400 (3) (54 N. E. 48); *State* v. *Cole*, 94 N. C. 707, 1 Wigmore on Evidence, § 569.

3.  There was some competent evidence to justify the finding by the industrial commission that the disability of the employee had ceased, and the award ending compensation was not unauthorized.  See *American Mutual Ins. Co.* v. *Hampton,* 33 *Ga. App.* 476 (2) (127 S. E. 155).

4.  Findings of fact made by the industrial commission within its power and upon sufficient competent evidence are, in the absence of fraud, conclusive both upon the superior court and upon this court.  *Maryland Casualty Co.* v. *England*, 160 *Ga.* 810 (129 S. E. 75); Workmen's Compensation Act, § 59.

5.  For no reason pointed out did the superior court err in refusing the employee's appeal.

*Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 16, 1928.  REHEARING DENIED FEBRUARY 18, 1928.

Appeal; from Fulton superior court—Judge Moore.  April 11, 1927.

Application for certiorari was made to the Supreme Court.

---

Evidence, 22 C. J. p. 676, n. 83, 86, 87.

Expert, 25 C. J. p. 177, n. 2.

Workmen's Compensation Acts, .. C. J. p. 115, n. 37; p. 122, n. 40; p. 126, n. 75 New; p. 132, n. 82 New.

G. Seals Aiken, for plaintiff.

Bryan & Middlebrooks, John A. Dunaway, for defendants.