18818. STANDARD ACCIDENT INSURANCE CO. *et al. v.*
PARDUE.

DECIDED DECEMBER 14, 1928.
REHEARING DENIED FEBRUARY 21, 1929.

*Cumming & Harper, James S. Bussey Jr.,* for plaintiffs in error.
*Peebles & Bowden,* contra.

BELL, J. This was a case before the industrial commission.
William Pardue, an employee of Tompkins Motor Company, of
Augusta, Georgia, was killed while traveling in an automobile in
South Carolina. His widow's claim for compensation having been
allowed by the commission and an appeal by the employer and in-
surance carrier having been denied by the superior court, they
brought the case to this court. Pardue was an automobile sales-
man, and was sent by his employer into South Carolina for the
purpose of demonstrating an automobile to a prospective purchaser.
While carrying out this order, his car was wrecked on a public
highway in that State, with the result that he was injured and died
within a few hours. It was claimed by the plaintiffs in error,—
the employer and the insurance carrier,—that his death was due to
his own wilful misconduct, or to a failure to perform a duty im-
posed by statute, in that he lost his life as the result of violating the
following penal statute of the State of South Carolina: "No per-
son shall operate any vehicle on the public roads of this State at a
rate of speed greater than is reasonable and proper at the time and
place, having regard to the traffic and use of the highway and its
condition, or so as to endanger the life, limb, or property of any
person, or in any event at a greater rate than is shown in the fol-

88

lowing tabulation: (a) Passenger vehicles—not exceeding thirty-five miles per hour on rural roads, and not exceeding twenty miles per hour where the board of county commissioners or other authority in charge of any road shall cause to be placed conspicuous signs so limiting said speed."

It appeared from the evidence that Pardue was driving the automobile at a speed of 45 to 50 miles per hour down a steep hill, about 75 yards long, when the car swerved to an embankment upon one side of the road and then suddenly to the embankment upon the opposite side, these embankments being at least 30 feet apart, and that after reaching the bottom of the hill it ran off the road and was wrecked. It struck "each bank at least once"; "when it hit the bank the first time the car swerved over to the other side." The witnesses who testified to the above facts were travelers upon the highway and were meeting Pardue. They were unable to explain why the automobile swerved, unless Pardue lost control of it in some way. Whether this was merely because of the speed at which he was running, or had been running, at the time he came in sight does not appear. There was no direct evidence to show that the automobile was not in good order. Commissioner Land, who heard the case and who rendered the decision for the industrial commission, said: "The fact that the car which he was driving was swerving from one side of the road to the other when coming down a hill and finally turning over, killing him, strongly establishes my conviction that the deceased was not speeding, but was standing by a wild car, rendered uncontrollable by a defect in the steering-gear or other part of the machinery," and the commissioner accordingly found that the death of the employee was not due to any wilful misconduct on his part. We think this finding of the commissioner was fully warranted by the evidence. That a car in the hands of a supposedly competent driver and running at a speed of not more than 45 or 50 miles per hour should make such movements and take such a course was a circumstance so unusual as to furnish some evidence of defective machinery as the cause, and, in the absence of anything to the contrary, to authorize the inference deduced by the commissioner as stated above. Findings of fact made by the industrial commission are final, and can not be reviewed either in the superior court or in this court if supported by any evidence. *Robertson* v. *Ætna Life Ins. Co.*, 37 *Ga. App.* 703 (4) (141 S. E. 504).

Furthermore, even if the automobile was not defective, and if the employee lost control of it because he was running it at a speed prohibited by law, this fact alone would not bar compensation; and there was no evidence in this case to show any *wilful* act or omission on the part of the employee. The mere violation by an employee of a criminal traffic law is not ground for denying compensation, in case of his injury or death resulting therefrom. We have gone more fully into this question in another case which we are to-day deciding (*Carroll* v. *Ætna Life Ins. Co.*, 39 *Ga. App.* 78), and it is unnecessary to repeat here what is said in that case.

The plaintiffs in error contended also that the decedent's death was due to his intoxication, but the evidence was overwhelmingly against this contention.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*