TRAUB ET AL. *v.* HANCE ET AL.

[No. 16,396. Filed November 7, 1939.]

*Jones, Obenchain & Butler,* for appellants.
*White & White,* for appellees.

BRIDWELL, J.—Appellees are the surviving widow and minor children of Ben M. Hance, deceased, who, on May 21, 1938, and for approximately eight years prior thereto, was employed by appellant Ben Traub as a salesman. Traub conducted his business under the name "Interstate Glass and Paint Company," and was engaged in selling material for use in buildings. On said May 21 Hance, upon reporting to the place of business of his employer in South Bend, Indiana, was directed to call upon two persons (contractors), one of whom lived at Michigan City, Indiana; the other in Berrein County, Michigan, and with both of

whom said employer had business connections. Hance complied with his instructions, using his automobile as a means of transportation. While returning from an interview with the resident of Michigan, traveling over an improved highway in Michigan, the automobile he was driving collided with another automobile parked on the berm of said highway, parallel with and entirely off that portion of the same, improved with a concrete surface, and Hance suffered fatal injuries.

Appellees filed with the Industrial Board their application for an adjustment of their claim for compensation against appellants. A special answer in five paragraphs was filed, the first paragraph being a general denial; the second averring that death was due to intoxication; the third that the death was due to the commission of a misdemeanor in that the said Hance was operating an automobile upon a public highway in the State of Michigan, while under the influence of intoxicating liquor, in violation of a statute of the state; the fourth that death was due to the commission of a misdemeanor in that Hance was driving an automobile on a highway heedlessly, and in willful or wanton disregard of the rights and safety of others, in violation of a statute of the State of Michigan; the fifth that death was due to Hance's willful failure or refusal to perform a statutory duty imposed upon him by the laws of the State of Michigan, in that it was his duty not to drive his motor vehicle upon the public highways of the state while under the influence of intoxicating liquor, and not to drive it heedlessly and in willful and wanton disregard of the rights and safety of others.

After hearing, following an application for review of an award made by one member of the board, the full Industrial Board made a finding and an award

in favor of appellees, granting them compensation, and from the award so made this appeal is prosecuted, appellants assigning as error that the award is contrary to law.

The finding of facts, omitting formal parts, is as follows:

"The Full Industrial Board having heard the argument of counsel, having reviewed the evidence and being duly advised therein, now finds that on May 21, 1938 while in the employ of the defendant, Interstate Glass and Paint Company, at an average weekly wage in excess of $30.00, one Ben M. Hance suffered injuries as the result of an accident arising out of and in the course of his employment, of which the defendant had knowledge; that said accidental injuries resulted in the death of the said Ben M. Hance on the same day; that at the time of his death, the said Ben M. Hance was living with Esther C. Hance, his wife; Thomas C. Hance, aged 15 years, a son; Mary Ann Hance, aged 13 years, a daughter and Dare Hance, aged 7 years, a daughter, all of whom were wholly dependent upon the said Ben M. Hance for their maintenance and support."

It is contended by appellants that the finding of facts is not sustained by sufficient evidence; that appellees' application averred the automobile driven by the deceased employee "swerved through causes unknown and collided with rear of automobile parked along southerly edge of highway," and such averment amounts to a fatal admission "because an award of compensation must be based upon something more than mere guess, conjecture, surmise or possibility"; that it was the duty of the board to find upon the issues presented by the affirmative answer; that there was uncontradicted evidence to prove that the deceased was intoxicated at the time of the collision which caused his injury and death, and at said time

was committing a crime in that he was violating certain provisions of the statutory laws of the State of Michigan, as averred in various paragraphs of the affirmative answer.

Whether the deceased was intoxicated, or whether he was violating any provision of the laws of the State of Michigan, punishable by fine or by fine and imprisonment, at the time of his injury, so as to preclude an award of compensation in favor of his dependents because of that section of our compensation law (§ 40-1208 Burns Ind. St. Anno. 1933, § 16348 Baldwin's 1934) providing that no compensation shall be allowed for an injury or death due to the employee's intoxication, or his commission of a felony or misdemeanor, were each questions of fact which it was the province of the board to determine.

The finding made by the board is entirely silent as to the matters pleaded in the affirmative paragraph of answer, and appellants insist that it was the *duty* of the board to find on the issues so presented. That the board could properly make a finding as to any issue presented by an affirmative answer may be conceded, but its failure to do so is not available as an error. To the contrary, it is settled by our decisions that such a failure is equivalent to a finding against the pleader on the issues so presented. *Nichols* v. *Winslow Coal Corporation* (1939), 106 Ind. App. 321, 18 N. E. (2d) 475; *Livers* v. *Graham Glass Company* (1932), 95 Ind. App. 358, 177 N. E. 359, 183 N. E. 688, and cases there cited. See, also, *Manor* v. *Board of Commissioners, etc.* (1894), 137 Ind. 367, 34 N. E. 959, 36 N. E. 1101.

The contention that the allegation of appellee's application that the automobile driven by the deceased

employee "swerved through causes unknown" ■ constitutes a fatal admission, precluding an award of compensation, is not tenable. In cases arising under our compensation act whether compensation should be awarded is determinable from the entire evidence, and the facts proved thereby, together with all reasonable inferences as may be drawn from such facts, rather than by an admission made in a pleading. At the most, the board, in reaching its decision on the issues submitted for adjudication, should consider any such admission only in connection with all other facts proved.

There is conflicting evidence on the question of intoxication. Witnesses who were at the scene of the accident shortly after it occurred testified that ■■ they failed to detect any odor of liquor either from the person of decedent, or in the automobile he was driving; others who saw and conversed with him at different times on the day of his death, including the contractor he had visited under his employer's instructions, and who had discussed business matters with him for ten or fifteen minutes approximately one-half hour before the accident, testified he was "sober," or that there was nothing unusual in his actions or conduct. Expert testimony is relied upon by appellants to prove intoxication. A sample of the blood and the pericardial fluid of the deceased was obtained and analyzed by the state toxicologist of the State of Michigan, to ascertain what percentage of alcoholic content these fluids contained. The evidence of the toxicologist was that the alcoholic volume contained in both fluids was 3.5 milligrams per cubic centimeter; that the presence of an alcoholic content in excess of 2 milligrams per cubic centimeter would, in the opinion of the witness, mean intoxication of the person whose blood contained any such ex-

cess volume. This opinion is supported by the testimony of other expert witnesses. Appellants assert that this evidence is uncontradicted and conclusively proves the intoxication of the decedent. We do not agree with this contention. This is but one item of evidence relating to the question whether the deceased was or was not intoxicated. Uncontradicted evidence relating to one fact material in determining an ultimate fact is not controlling where there is other evidence bearing upon the same question which proves or tends to prove that the ultimate fact is in truth different from that which the uncontradicted item of evidence could be said to establish if it stood alone. After reading the evidence, we cannot say that reasonable men could reach only the conclusion that the deceased was intoxicated when he received the injuries causing his death. The board failed to find intoxication as a fact, and this court will not weigh the evidence.

There is no direct or positive evidence to prove why the automobile which the deceased was driving swerved from the concrete surface of the highway to its berm. There is evidence, however, admitted without objection, that on the day before "the car was 'shimmying' as they called it, at a low speed and at a high speed" and was hard to control on the highway. It also appears that on the morning of the day of the accident the automobile was taken to "the repair shop" and after completion of "repairs" was driven by the deceased on the journey made in connection with the discharge of his duty to his employer. The rate of speed prior to the accident was from 25 to 35 miles per hour for a distance of approximately two and one-half miles. From the evidence as to the recent condition of the automobile and its swerving while being driven along the highway shortly before the acci-

dent occurred, the Board may and reasonably could have drawn the inference that the swerving of the car was due to some defect in its mechanism. See *Standard Accident Insurance Company* v. *Pardue* (1929), 39 Ga. App. 87, 146 S. E. 638.

There is no controversy as to the dependency of appellees, the average weekly wage of the deceased, or the fact of employment. The accident occurred as the deceased was returning from an interview with a person whom his employer had told him to see on that day. To carry out his instructions, it was necessary to travel the highway and incur the hazards incident to travel thereon, including the danger of coming in contact with either moving or stationary vehicles or objects which might also be occupying or using some portion of the same. The risk of so doing would be one incidental to this class of employment, and may be properly considered as a hazard of the employment.

While the evidence in this case is such that reasonable men can draw different inferences from facts proved, yet, when we consider it as a whole, we are of the opinion that this court would not be justified in holding that it is of such character as to force a conclusion contrary to that reached by the Industrial Board.

The award is affirmed, and increased 5 per cent as required by statute.