19966.   JONES *v.* THE STATE.

Hawkins, Justice.   E. J. Jones was tried for rape and sentenced from 5 to 10 years.   The victim was 8 years of age at the time of the alleged criminal assault, and was 9 years old at the time she testified at the trial, and, therefore, the question of consent is not involved.   The defendant's motion for a new trial on the general grounds, and one special ground, was denied, and the exception is to that judgment.   *Held:*

1. The record reveals that the examination of the victim on the witness stand was quite lengthy, thorough and sifting.   While, as contended by counsel for the defendant, her testimony was conflicting in some respects, it was unshaken in the main essentials of the alleged crime.   The victim positively identified the defendant as her assailant, and testified that she was attacked by him in Dublin, Georgia, the scene of the crime being established as in Laurens County.   A careful examination of the record in this case reveals some evidence to corroborate the testimony of the alleged victim, and "it is not for this court to pass upon its probative value," since "the question as to whether or not the testimony of the female has been corroborated is, like the question of credibility of witnesses, one solely for the jury to determine."   *Dorsey* v. *State,* 204 *Ga.* 345, 347 (49 S. E. 2d 886).   See also *Shurley* v. *State,* 210 *Ga.* 136 (3) (78 S. E. 2d 27).

2. The special ground of the motion for new trial complains because: "During the course of the trial and in cross-examination of the character witnesses for the defense, the Solicitor-General asked all six witnesses substantially the following questions, receiving negative answers as to all—Q. 'Have you heard that in the year 1939 in Heard County, Georgia, that he was convicted of voluntary manslaughter?'   Q. 'If you had heard it and believed it to be true would you still believe him to be a man of good character?'—and the Solicitor-Gen-

eral did persistently insist on evidence of such a conviction in Heard County, Georgia, in 1939, although the Solicitor-General never presented any such evidence. The Solicitor-General was asked as a witness and answered as follows: Q. 'Mr. Ward, do you have in your possession any competent legal evidence of any conviction of the defendant in Heard County, Georgia, in 1939?' A. 'I have evidence that E. J. Jones was convicted.' Q. 'Do you have any competent legal evidence that you can produce in this court?' A. 'I don't think I have to produce it, Mr. Larsen. Now, I would like to explain to the court this, that I do have evidence that E. J. Jones was convicted.' Whereupon defense objected that such testimony was not competent and not admissible; that the written certified record would be the highest and best evidence. The following then transpired: By Mr. Ward: 'Well, he asked the question if I had any evidence, well I have.' By Mr. Larsen, Jr.: 'If you have any competent proper legal evidence, if you have any way of proving by proper evidence.' A. 'You want me to tell you.' Q. 'By proper competent legal evidence.' A. 'All right, the Board of Corrections, you want me to go ahead?' Whereupon, the associate Solicitor-General objected," and the court stated, in the presence of the jury: "I'm going to rule out all that testimony; I'm going to take care of it in the charge to the jury, because unless there is a record of it they wouldn't be allowed to consider it." In its charge, the court instructed the jury as follows: "Any inference or testimony as to any crime being committed by the defendant, the evidence and written record of that would be the highest evidence, if there is any." There is no assignment of error in this ground of the motion upon the court's permitting the solicitor-general to propound to the defendant's character witnesses the questions referred to, but the complaint is that the court should have specifically charged that the jury should exclude from its consideration any inference as to the commission of another crime in another county which was not proven in the trial by properly certified documentary evidence; and that the charge as given did not properly exclude from the jury's consideration any evidence or inference other than "highest evidence," and was misleading and ambiguous to the jury. Considering together the ruling previously made by the court as to the exclusion of such evidence and the charge given with respect thereto, we do not think the charge is subject to the criticism

offered, but think that the effect of the charge, when considered in connection with the previous ruling, was to instruct the jury not to consider such evidence.

3. As was said in *Revill* v. *State,* 210 *Ga.* 139 (6) (78 S. E. 2d 12), "The evidence, while conflicting, amply supports the verdict finding the defendant guilty of rape, and the trial court did not err in denying his amended motion for new trial."

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 14, 1958—DECIDED FEBRUARY 7, 1958.

*W. W. Larsen, Jr., Larsen & Larsen, E. L. Stephens, Jr.,* for plaintiff in error.

*Harold E. Ward, Solicitor-General, H. Dale Thompson, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.