### 40490. DANDRIDGE v. THE STATE.

RUSSELL, Judge. 1. "A ground of a motion for new trial which in order to be understood requires a consideration of the evidence must either set forth the evidence relied upon or point out where in the record such evidence may be found." *Valdosta Coca-Cola Bottling Works, Inc. v. Montgomery,* 102 Ga. App. 440 (2) (116 SE2d 675). Ordinarily it is error to admit in evidence over objection an indictment against the defendant for another offense upon which there has been neither an acquittal nor a conviction, even though it might otherwise be admissible as an exception to the "other transactions" rule. *Waters v. State,* 82 Ga. App. 608, 609 (61 SE2d 794). There are times when evidence of other crimes is admissible, and it is the defendant who wishes to introduce an indictment with an acquittal thereon; this may be done but does not preclude the State from offering evidence that the defendant did in fact commit the prior offense. *Lee v. State,* 8 Ga. App. 413 (69 SE 310); *Taylor v. State,* 174 Ga. 52 (162 SE 504). The defendant here was on trial for arson and the State contended that two fires which he was accused of setting in separate counts of the indictment plus a previous fire as to which some evidence was offered without objection were parts of a related series of criminal acts arising from a single motive. Under these circumstances the indictment might or might not be admissible according to the facts of the case; here neither the special ground of the motion nor the brief of evidence sets out the indictment, the record does not show that it was in fact admitted in evidence, and it nowhere appears whether, if admitted, the verdict of acquittal was

inscribed thereon. This special ground is accordingly insufficient for review under *Code Ann.* § 6-901.

2. Regarding the qualification of expert witnesses, "Whether the witness is especially qualified to testify or is possessed of such adequate knowledge of the subject matter of an inquiry as will give value to his opinions and thereby render them admissible in evidence is a matter which rests largely in the discretion of the trial court." 20 Am. Jur. 657, Evidence, § 783. "The determination of the question of the competency and qualifications of one offered as an expert witness is addressed to the judicial discretion of the trial judge before whom the testimony is offered, and his ruling in passing on the qualifications of such proposed expert witness will not be disturbed unless the error is clear and involves a misconception of the law." 20 Am. Jur. 660, Evidence, § 786. " 'An expert is one who by habits of life and business has a peculiar skill in forming an opinion on the subject in dispute. *White v. Clements,* 39 Ga. 232.' *Ala. &c. R. Co. v. McKenzie,* 139 Ga. 410 (3) (77 SE 647, 45 LRA (NS) 18). A person who is neither a physician nor a surgeon may testify to an opinion on any medical question 'when the matter inquired about lies within the domain of the profession or calling which the witness pursues.' *Macon R. &c. Co. v. Mason,* 123 Ga. 773 (5) (51 SE 569)." *Robertson v. Aetna Life Ins. Co.,* 37 Ga. App. 703 (1) (141 SE 504).

There was testimony in this case that the defendant had had a quarrel with a woman with whom he was living in her mother's apartment and had attempted to set fire to her mattress; that he was informed he would have to move; that he thereafter set fire to the house and burned it down; that he thereafter set fire to a second house in which a witness who had testified against him was living and then to a third to which he thought she had moved; that as to the latter offense, for which he was on trial, he told an eyewitness that he was going to burn up the house and the woman; that he threw gasoline on the occupied structure, set fire to it, and, "he stood up on some steps like and throwed the oil first and struck the match and got the newspapers and when he did that, he taken his private out . . . holding his private just like that, jerking, and he said, 'Burn, S.O.B., burn.' " Thereafter K. G. Davis testified as to the results of his investigation, stating that he had 13 years experience as arson

investigator for the City of Atlanta Fire Department as a lieutenant, and that his special training in this particular field of investigation included attending courses at Purdue University and at Georgia Tech. He testified as to physical evidence pointing to fire of incendiary origin and was then asked, "Is it uncommon for a person as has been brought out in the evidence in this case as you have heard, for a person to set fire and then play with his private part while the fire is burning." The witness answered, "For a deviate who has a yen for fires, no, it is not an unusual thing. If he needs gratification and has to have a fire to have gratification, it is a common thing with him." The objection was that no foundation had been laid for such evidence, that the evidence did not show sexual gratification, that the answer would be a mere opinion, and that the witness had not qualified as a medical doctor or psychiatrist. The witness, however, was not testifying as a doctor, but was testifying to a medical fact which would be a part of the body of knowledge he would necessarily acquire as an arson investigator. There was a sufficient factual foundation laid for the testimony, and the witness had sufficiently qualified as an expert in the field to place the matter of his competency to testify as to the behavior of arsonists within the discretion of the trial court. It is noted that he did not testify that the particular defendant on trial was a sex deviate, and thus did not enter the field of medical opinion evidence generally. There was no error in admitting the evidence.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

Decided January 28, 1964.

*Edward S. D'Antignac, Charles M. Clayton,* for plaintiff in error.

*William T. Boyd, Solicitor General, J. Walter LeCraw, Eugene L. Tiller, Thomas R. Luck, Jr.,* contra.