44956. HARGETT v. THE STATE.

ARGUED JANUARY 5, 1970—DECIDED FEBRUARY 9, 1970.

*Garland & Garland, Edward T. M. Garland, Reuben A. Garland,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, Joel M. Feldman,* for appellee.

BELL, Chief Judge. ■ Six of the seven enumerations of error are all connected with the admissibility of the evidence relating to the prior and subsequent conduct of the defendant. Defendant argues that this evidence tends to show the commission of wholly independent crimes by the defendant and attacks his character which was not in issue. It is the general rule in a criminal prosecution that evidence which in any manner shows or tends to show that the defendant has committed another independent crime from that for which he is on trial is irrelevant and inadmissible. *Code* § 38-202. *Cawthon v. State,* 119 Ga. 395, 396 (46 SE 897); *Merritt v. State,* 168 Ga. 753 (149 SE 46); *Mims v. State,* 207 Ga. 118 (60 SE2d 373). The exception to this rule arises where the facts of the other offense tend to demonstrate a similarity of method, plan, scheme, state of mind, or intent. *Sloan v. State,* 115 Ga. App. 852 (156 SE2d 177); *Mims v. State,* supra. With reference to the prior molestation of the sister, this evidence is well within

the exception as it relates to the defendant's method of operation, which is markedly similar in each instance, and is relevant on the issue of his lustful intent. Furthermore, the defendant cannot now complain, as he inquired into this prior offense during his cross examination of this witness. *Salisbury v. State*, 222 Ga. 549 (2) (150 SE2d 819); *Maddox v. State*, 118 Ga. App. 678, 679 (164 SE2d 861). The defendant contends that the father's testimony is inadmissible for the same reason and even more so, as it occurred subsequent to the commission of the crime for which the defendant was on trial. Regardless of whether the gesture is a criminal offense as contended by the defendant, the testimony is admissible as again being relevant to the issue of the defendant's method and state of mind, as the gesture was certainly subject to the interpretation that it was indicative of the way the defendant was charged with physically violating the child. The fact that the gesture took place subsequent to the commission of the offense is of no moment as the incident was not too remote in this case. *Dorsey v. State*, 204 Ga. 345, 350 (49 SE2d 886). 1 Wharton, Criminal Evidence § 245 (12th Ed., 1955). The trial court did not err in admitting the challenged evidence.

As we have held that the evidence was properly admitted, the attack on the instructions warranted by that evidence has no merit.

■ The evidence authorizes the conviction.

*Judgment affirmed. Quillian and Whitman, JJ., concur.*