48722. MILLER v. THE STATE.

DEEN, Judge. Under Code Ann. § 26-2018 no conviction for statutory rape shall be had on the unsupported testimony of the female. This nine-year-old child testified in detail as to the circumstances of an act of rape against her on the part of her

stepfather, and further testified she had been so treated previously on many occasions. The testimony in corroboration is that of the mother, who testified that her child had complained to her on former occasions over a period of nine or ten months and that she had complained to her husband and been beaten and threatened as a result, plus the testimony of an examining physician who found her vagina dilated to an adult size and gave his opinion, from this and lack of evidence of trauma, that the child had been subjected to this or similar treatment over a period of months. The quantum of the corroboration and its persuasive character is usually for the jury. *Lee v. State,* 197 Ga. 123 (28 SE2d 465); *Climer v. State,* 204 Ga. 776 (51 SE2d 802). In this case there was also the testimony of a 14-year-old brother that on the occasion on which this prosecution is founded the defendant told him to take the baby outside and then locked them out; he also testified that he had witnessed an act of sexual intercourse performed on his sister by his stepfather in another state some nine months previously. See also *Jones v. State,* 213 Ga. 814 (102 SE2d 21). The general grounds of the motion for new trial are without merit.

2. It sufficiently appears that the rape was committed at the trailer where the child lived, and there was testimony that this trailer was located at a given address in Jones County, thus establishing venue. Although the family had lived in various counties and states in the past, an examination of the testimony as a whole leaves no doubt but that the specific act testified to and reported on September 23, 1972, was committed in the last county of residence.

3. The infant prosecutrix testified that prior to the event on which this prosecution was based the defendant had done certain things to her, the description of which showed it to be an act of sodomy. Sexual offenses of the same nature and within a short span of time, especially where they show a proclivity for a particular type of abnormal sexual activity, form somewhat of an exception to the general rule that evidence of other criminal activity is irrelevant and prejudicial, as stated in *Bacon v. State,* 209 Ga. 261 (71 SE2d 615). The testimony here is close in point of time, and both acts concern illegal and incestuous assaults on a young child. We therefore consider the testimony admissible as an exception to the general rule. See *McNeal v. State,* 228 Ga. 633 (187 SE2d 271); *Anderson v. State,* 222 Ga. 561 (150 SE2d 638); *Hargett v. State,* 121 Ga. App. 157 (173 SE2d 266); *Staggers v.*

*State,* 120 Ga. App. 875 (172 SE2d 462); *Warren v. State,* 95 Ga. App. 79 (97 SE2d 194).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED NOVEMBER 5, 1973 — DECIDED NOVEMBER 21, 1973.

*Walter M. Henritze, Jr.,* for appellant.
*Joseph B. Duke, District Attorney,* for appellee.