### 52773. MIZE v. THE STATE.

CLARK, Judge.

This is the third appeal by this appellant from a conviction of simple battery based on a single occurrence. The previous cases are reported in 131 Ga. App. 538 (206 SE2d 530) and 135 Ga. App. 561 (218 SE2d 450). At this third trial substantially the same evidence concerning the offense was presented as is recited in the previous reports. We find three of the five enumerations of error to be meritorious. Therefore we must again reverse for a new trial.

1. The first assignment deals with the charge to the jury wherein the trial court used in totidem verbis language from this court's previous opinion. The words assigned as error are the instruction that "there is no

requirement that the victim received great bodily harm. . . that some physical pain may be presumed to result from being firmly grabbed and squeezed."

"We must. . . repeat the oft-decided principle, that language employed by a judge of a reviewing court in discussing a case, or in giving reasons for a decision, is not always appropriate for use by a trial judge in charging a jury." *Hunt v. Pollard,* 55 Ga. App. 423, 426 (190 SE 71). See also *Bailey v. Todd,* 126 Ga. App. 731, 736 (6) (191 SE2d 547) and cits.

The raison d'etre for this principle was best expressed in *Leonard v. State,* 133 Ga. 435 (66 SE 251). There at page 437, Justice Joseph Henry Lumpkin, grandson[1] of our state's first Chief Justice bearing the same name, said "It is evident that in an opinion reasons, arguments, and illustrations are often valuable for the purpose of demonstrating the correctness of a legal conclusion reached, or of a judgment rendered; while the charge of a trial judge should not be argumentative or seek to demonstrate the correctness of the positions announced by him, but should instruct the jury as clearly and plainly as practicable in regard to the law applicable to the case before them. Metaphor, epigram, and unique felicities of expression are not usually desirable in a charge. Plainness, clearness, and a proper statement of the law relevant to the issues in the case at hand are rather to be sought."

In the instant case there was no testimony from the female prosecutrix as to her having sustained physical pain. Therefore it was reversible error to use the language from our previous opinion as to there being a presumption to this effect. "To assume that an important fact in the case on trial has been admitted, and to so instruct the jury

---

[1] There were two other instances of a grandfather and grandson who have been on our Supreme Court. One set was Hiram Warner (1802-1881) and Hiram Warner Hill (1858-1934). The other grandfather was Charles J. McDonald (1793-1860) who had two grandsons as Justices, they being brothers, Spencer R. Atkinson (1852-1920) and Samuel C. Atkinson (1864-1942).

where no such admission has been made, is reversible error." *Cooper v. State,* 2 Ga. App. 730 (1) (59 SE 20).

2. The second enumeration of error also is meritorious. It avers that the court "erred in allowing testimony over objection concerning alleged fights between defendant and persons other than the prosecuting witness upon whom the defendant was charged with having committed a simple battery for [the] reason that the defendant had been charged with battery on other such persons, had been tried and acquitted." The illegally admitted evidence dealt with the subsequent fistic fracas between five black teen-agers and two white men which occurred after the prosecuting witness told her husband that some one had placed his hand upon the side of her body.

The transcript discloses that the able trial judge noted for the record authorities, both cases and textbook, upon which he relied in holding the evidence admissible as to the brouhaha. These were not applicable to the instant case because the general rule as to evidence of other crimes being inadmissible applied here rather than the exceptions. See *Bacon v. State,* 209 Ga. 261 (71 SE2d 615); *Nooner v. State,* 131 Ga. App. 563 (206 SE2d 660); *Wooten v. State,* 125 Ga. App. 635 (188 SE2d 409) and *Dawson v. State,* 120 Ga. App. 242 (170 SE2d 45).

3. The third enumeration asserts error in the court's instruction concerning these other alleged offenses which the court charged were "admissible for the consideration of the jury insofar only as it might tend to illustrate the defendant's state of mind on the subject involved if you think it illustrates it." As noted in the previous division the testimony of these other offenses was inadmissible because of the acquittals. It follows that the trial court should not have charged thereon even with such limitation.

4. We find no merit in the fourth enumeration as to the court's refusal to charge the written request of the defendant for the reason that the charge as a whole covered the substance of the requested principle. *Long v. State,* 12 Ga. 293, 323; *Jackson v. Miles,* 126 Ga. App. 320, 321 (2) (190 SE2d 565).

5. The final enumeration asserts that the court erred

in failing to charge upon written request § 5.4 (a) and (b) of the American Bar Association Standards on Criminal Justice. This ABA Standard suggests that the jury should be given this instruction as a part of the original charge. It is similar to the so-called "Allen Charge," which is generally given in attempting to break a jury deadlock. See *Ponder v. State*, 229 Ga. 720 (2) (194 SE2d 78). We recognize that some federal courts have urged the inclusion of such instruction in the original charge. United States v. Wynn, 415 F2d 135. In the useful "Comparative Analysis" of these ABA Standards with Georgia laws prepared in May 1974 by faculty members of the Mercer University Law School the statement is made that "Georgia does not specifically require that such an instruction be given." We agree with this statement as the trial jurist should have discretion as to the time when the jurors should be informed as to their duties in this respect.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

ARGUED OCTOBER 6, 1976 — DECIDED OCTOBER 18, 1976.

*Robinson, Harben, Armstrong & Millikan, Sam S. Harben, Jr.,* for appellant.

*Douglas E. Smith, Solicitor,* for appellee.