## 53416. ROBERTS v. THE STATE.

SHULMAN, Judge.

Appellant was indicted for aggravated assault and found guilty of simple assault. Appeal is brought from that conviction and from denial of a motion for new trial.

1. The first enumeration of error contends that the trial judge gratuitously commented on the questions being asked by defense counsel, demeaning him before the jury and thereby prejudicing the jury against the defendant. The record shows, however, that the comment toward which the complaint is directed was a result of defense counsel's attempt to enlist the judge's aid in restricting to "yes" or "no" a witness' responsive answers to leading questions. Appellant contends that the effect of the remark was an intimation that defense counsel was

being devious with the jury. Taken in the context of defense counsel's insistence that the witness answer "yes" or "no," the remark was clearly an expression of the abstract principle that a bare "yes" or "no" might be misleading. The remark was only directed to answers, not questions and not counsel's conduct. It was not an expression of opinion as is prohibited by Code Ann. § 81-1104 and was not error.

2. Appellant's second enumeration of error complains of the trial judge's denial of his motion for a mistrial which was based on an apparent attempt by the prosecuting attorney to introduce evidence of the commission by the defendant of a crime other than the one with which he was charged. The record shows that the judge sustained defense counsel's objection to the line of questioning, admonished the prosecuting attorney in the presence of the jury to avoid that line of questioning, and directed the jury to disregard anything that had been said on the subject. The trial judge in passing on a motion for mistrial because of improper conduct by the prosecuting attorney in the presence of the jury is vested with a discretion, and his action will not be controlled by this court unless his discretion is manifestly abused. *James v. State,* 215 Ga. 213 (4) (109 SE2d 735); *McCorquodale v. State,* 233 Ga. 369 (1) (211 SE2d 577). In view of the remedial efforts of the trial judge, we cannot say his refusal to grant a mistrial was an abuse of discretion. The enumeration is without merit.

3. The enumeration complaining that an inquiry by the trial court as to whether the jury would be able to reach a verdict within a specified time is wholly without basis. It is abundantly clear from the record that the judge was merely ascertaining whether it would be necessary to make arrangements for feeding the jury. No intelligent juror could have construed the inquiry as having a coercive effect.

4. The charge complained of in the fourth enumeration of error, the "Allen" charge, Allen v. United States, 164 U. S. 492 (1896), was approved by our Supreme Court in *Ratcliff v. Ratcliff,* 219 Ga. 545 (134 SE2d 605). Appellant contends that, while the form of the charge may be technically correct, the length of time the

jury had deliberated made the charge unfair in this case. The length of time a jury may be required to deliberate is within the discretion of the trial judge and will not be controlled unless there is a manifest abuse of discretion. *Driver v. State,* 112 Ga. 229 (37 SE 400). We do not find such an abuse here.

5. In light of our holding in this case, there is no merit to the contention that the trial judge erred in denying appellant's motion for new trial.

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

SUBMITTED FEBRUARY 3, 1977 — DECIDED MARCH 9, 1977.

*King, Phipps & Associates, C. B. King, Henry E. Williams,* for appellant.

*Claude N. Morris, District Attorney, Myers, Parks & Fennessy, J. Frank Myers,* for appellee.

