## 55708. RIVERS v. THE STATE.

Banke, Judge.

The defendant was convicted of rape and on appeal attacks the admission of evidence of a prior rape for which he had been tried and acquitted. *Held:*

1. Evidence of prior offenses of a similar nature may be admitted in criminal prosecutions, particularly those involving sexual offenses, for the purpose of identifying the accused by showing a common motive, plan, scheme, bent of mind, or course of conduct. See, e.g., *Anderson v. State,* 222 Ga. 561 (3) (150 SE2d 638) (1966); *Hunt v. State,* 233 Ga. 329 (211 SE2d 288) (1974); *Thomas v. State,* 234 Ga. 635 (1) (217 SE2d 152) (1975); *Miller v. State,* 130 Ga. App. 275, 276 (3) (202 SE2d 682) (1973).

This is true even though the defendant may have been tried and acquitted of the prior offense. *Taylor v. State,* 174 Ga. 52 (7), 67-68 (162 SE 504) (1931), overruled on different grounds; *Wood v. State,* 219 Ga. 509 (134 SE2d 8) (1963); *Lee v. State,* 8 Ga. App. 413 (5), 418-419 (69 SE 310) (1910); *Dandridge v. State,* 109 Ga. App. 33 (1) (134 SE2d 814) (1964). As stated in *Taylor,* supra, at 67: "While . . . the verdict of not guilty may have indicated that there was not sufficient evidence to convince the jury beyond a reasonable doubt of his guilt, still that acquittal would not necessarily exclude the evidence, because that evidence may tend to illustrate the acts of the defendant as shown in the transaction for which he is now on trial, . . . and may throw a flood of light on this later evidence, though of itself insufficient to authorize a verdict of guilty."

To the extent that the holding in Division 3 of *Mize v. State,* 140 Ga. App. 17 (230 SE2d 81) (1976), may be authority for a contrary rule, it is hereby expressly overruled.

2. Any question as to the prosecutrix' credibility was for the jury to resolve. See *Merritt v. State,* 190 Ga. 81 (8 SE2d 386) (1940). The evidence amply supported the verdict.

3. It was not error for the state in closing argument to comment on the appellant's failure to testify, since defense counsel "opened the door" by asserting in his

closing argument that the appellant declined to take the stand because he was nervous. Accord, *Frank v. State,* 141 Ga. 243 (80 SE 1016) (1914); *Harrison v. State,* 26 Ga. App. 58 (105 SE 614) (1920).

*Judgment affirmed. Bell, C. J., Deen, P. J., McMurray, Shulman and Birdsong, JJ., concur. Smith, J., concurs specially. Quillian, J., joins special concurrence. Webb, J., dissents.*

ARGUED APRIL 4, 1978 — DECIDED JULY 14, 1978 — REHEARING DENIED JULY 31, 1978 — 

*Falligant, Sims, Hunter & Donaldson, R. B. Donaldson, Jr.,* for appellant.

*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney,* for appellee.

SMITH, Judge, concurring specially.

I agree with *Mize v. State,* 140 Ga. App. 17 (3) (230 SE2d 81) (1976), which states that evidence of other offenses is inadmissible when the defendant has been acquitted of the other offenses. However, *Taylor v. State,* 174 Ga. 52 (7) (162 SE 504) (1931), decrees to the contrary.

The *Taylor* line of reasoning follows the reasoning put forth in cases dealing with probation revocations. See *Johnson v. State,* 142 Ga. App. 124 (235 SE2d 550) (1977) (Judge Smith dissenting); affd. 240 Ga. 526 (242 SE2d 53) (1977), which held that the same evidence presented on the trial of Johnson for burglary, wherein he was acquitted, could be used to revoke his probation. However, I feel an acquittal amounts to a conclusive determination that there is insufficient evidence to convict. Therefore, once the defendant has been adjudged "innocent," he should forever be treated as innocent. I believe that once a person has been found innocent of a given offense by his or her peers, evidence of such a prior offense of a similar nature should be inadmissible, even for the purpose of showing identity, motive, plan, scheme, bent of mind or course of conduct of the accused. Evidence as to the acquittal would not be admissible in a civil case (*Webb v. McDaniel,* 218 Ga. 366 (2) (127 SE2d 900) (1962)), and neither should it be admissible in a criminal case. Due to

*Taylor v. State,* supra, I am powerless to do anything about it. For this reason only, I concur with the majority.

I am authorized to state that Presiding Judge Quillian joins in this special concurrence.

WEBB, Judge, dissenting.

In my judgment it is inherently wrong to admit into evidence in a criminal prosecution evidence of a prior offense for which the accused has been tried and acquitted. This is my view, *Taylor v. State,* 174 Ga. 52 (7) (162 SE 504) (1931), to the contrary notwithstanding. Consequently, I must respectfully dissent, and am unwilling to overrule *Mize v. State,* 140 Ga. App. 17 (230 SE2d 81) (1976), as the majority proposes to do.