*William R. L. Latson,* for appellee.

## 56078. HOLT v. THE STATE.

BANKE, Judge.

The defendant appeals his convictions for burglary and rape. *Held:*

1. The evidence was more than ample to support the rape conviction. The defendant admitted entering the elderly victim's home and assaulting her, although he denied raping her. The victim testified that the defendant burst through her door, beat her, tied her hands, wrapped a bedspread around her head, tore off her clothes, unzipped his pants, and sat "just straddle of me." The defendant held her in that position for approximately 30 minutes, until he was interrupted by the police, who had been summoned by neighbors. The victim was unable to state positively that penetration had occurred.

On the issue of penetration, the examining physician testified that he found a small tear in the victim's vagina made, in his opinion, by an object the size of an erect male penis. Although he found no seminal fluids in the vagina, blood and seminal fluids were found on the bedspread, the defendant's shorts and the defendant's penis. This evidence supported an inference that some degree of penetration had occurred. See generally *Holmes v. State,* 194 Ga. 849 (4) (22 SE2d 808) (1942); *Payne v. State,* 231 Ga. 755 (1) (204 SE2d 128) (1974). Accord, State v. Ivey, 303 SW2d 585 (Mo. 1957); Lang v. State, 87 S2d 265 (Miss. 1956). Accordingly, it was not error to overrule the motion for directed verdict on this count.

2. Although the law provides that a person is guilty of burglary when he enters the dwelling house of another with the intent to commit any felony therein (see Code Ann. § 26-1601) the indictment in this case specified that the defendant's intent on entering the victim's house had been to commit a theft. Nevertheless, the burglary conviction is supported by evidence. The defendant testified that while he was holding the victim down he opened a drawer to look for her purse. This authorized an inference that he intended to commit a theft in addition to

a rape on entering her house.

3. It was not error to allow the physician to offer his opinion as to what caused the tear in the victim's vagina over the objection that his expertise to offer such an opinion had not been established. The witness was duly qualified as a specialist in obstetrics and gynecology and testified that one of his duties at the medical center where he worked was to examine rape victims. Thus, the trial court did not abuse its discretion in determining that the witness was competent to answer the question. See generally *Dandridge v. State,* 109 Ga. App. 33 (2) (134 SE2d 814) (1964).

The defendant's contention that the physician's response to the question invaded the province of the jury is also without merit, since the question was one which properly lent itself to expert opinion. See generally *Metropolitan Life Ins. Co. v. Saul,* 189 Ga. 1 (2) (5 SE2d 214) (1939).

4. The defendant objected to the doctor being asked a hypothetical question on the ground that the question was based on testimony given by other witnesses. It was not error to overrule the objection. Expert opinions "may be given on the facts as proved by other witnesses." Code § 38-1710.

5. " 'A mere objection to improper argument of counsel, without more, is not sufficient to invoke a ruling of the court; and in the absence of a specific motion either for a mistrial, or that the jury be instructed to disregard the argument, it was not error to fail to grant a mistrial or to instruct the jury.' *McCoy v. Scarborough,* 73 Ga. App. 519 (6) (37 SE2d 221)." *Campbell v. State,* 111 Ga. App. 219 (5) (141 SE2d 186) (1965).

6. There was no error in the charge to the jury for any reason assigned.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED JUNE 28, 1978 — DECIDED SEPTEMBER 12, 1978.

*Hubert E. Hamilton, III,* for appellant.
*W. Donald Thompson, District Attorney, Willis B.*

*Sparks, III, Assistant District Attorney,* for appellee.