## 56920. MOSS v. THE STATE.

DEEN, Presiding Judge.

Roger H. Moss appeals from his conviction for the offenses of carrying a concealed weapon, carrying a pistol without a license, and terroristic threats.

1. The crime of terroristic threats requires corroboration of the testimony of the victim. Code Ann. § 26-1307. The defendant contends that the victim's testimony was not corroborated because the threats made to the police officer were only threats made against police in general. The victim, Officer Billups, testified that the defendant threatened to kill him, that he had $1,000 and was going to pay somebody to do it if he didn't do it himself and that "your kids I know they play football, and you will never see them grow up to play football." The witness testified that he had a son who played football for his high school. A second officer who was present when the threats were made testified that the defendant made a statement to Officer Billups that ". . . he wouldn't live to see his kids play football this season. He said that there were some fellows in Pauldo getting up some money to kill the police . . . and snitches. He said that he had $1,000 and that he

would probably put in with them. He also said that if he had a rifle he would probably do it himself." This testimony is sufficient to enable a jury to find that a threat was made against the officer and that there was sufficient corroboration. It is not essential for corroboration that the victim's testimony be quoted word for word. *Hornsby v. State,* 139 Ga. App. 254 (228 SE2d 152) (1976). As in rape cases, the quantum of corroboration need not in itself be sufficient to convict, but need only be that amount of independent evidence which tends to prove that the incident occurred as alleged. See *Burnett v. State,* 236 Ga. 597 (225 SE2d 28) (1976). Slight circumstances may be sufficient for corroboration and the question of corroboration is one solely for the jury. If there is any evidence of corroboration, this court will not go behind the jury verdict and pass on its probative value. *Morgan v. State,* 229 Ga. 532 (192 SE2d 338) (1972). As there was evidence of corroboration, this enumeration is without merit.

2. Defendant contends that the arresting officer's testimony that "he appeared to be driving under the influence of some kind of drug or intoxicant" impermissibly placed his character in issue. This testimony was admissible to explain the officer's conduct in following defendant's car when he drove away from the restaurant at a high rate of speed because the officer stated that he was concerned about defendant's ability to drive safely. *Watkins v. State,* 231 Ga. 481 (202 SE2d 442) (1973). Evidence that is material in explaining the conduct of the witness does not become inadmissible simply because defendant's character is incidentally put in issue. *Moss v. State,* 144 Ga. App. 226 (240 SE2d 773) (1977). During the course of the trial, the judge instructed the jury twice that evidence of other offenses was being admitted for the limited purpose of explaining the witness' conduct. We find that there was no error. Furthermore, the manner and appearance of the defendant whose acts are a part of the res gestae, are relevant and admissible. *Vincent v. State,* 153 Ga. 278 (112 SE 120) (1922); *Torley v. State,* 141 Ga. App. 366 (233 SE2d 476) (1977).

3. Evidence of a subsequent threat to kill the

arresting officer which was made immediately after the committal hearing was properly admitted into evidence to show bent of mind and intent of the defendant. The fact that the threat was made immediately after the committal hearing does not render it too remote from the first threat. See *Hargett v. State,* 121 Ga. App. 157 (173 SE2d 266) (1970); *Barber v. State,* 95 Ga. App. 763 (98 SE2d 575) (1957). Corroboration of the second threat is not required. While as a general rule, on a prosecution for a particular crime evidence which shows or tends to show that the defendant has committed another wholly independent crime from that for which he is being tried, is irrelevant and inadmissible; "but, to this rule are several exceptions. Among them is the admissibility of evidence showing or tending to show the commission of crimes other than that for which the accused is on trial, for the purpose of showing motive, plan, or scheme. [Cits.]" *Larkins v. State,* 230 Ga. 418, 420 (197 SE2d 367) (1973).

*Judgment affirmed. Smith and Banke, JJ., concur.*

Submitted November 14, 1978 — Decided December 1, 1978 — Rehearing denied December 14, 1978 — 

*Guy B. Scott, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.