## 66500. RHODES v. THE STATE.

BIRDSONG, Judge.

John Wesley Rhodes was convicted of aggravated assault (with intent to rape) and sentenced to serve ten years. He brings this appeal enumerating three asserted errors. *Held:*

1. In one of his enumerations, Rhodes urges that the evidence is not of sufficient probity to sustain the jury's verdict of guilty. The evidence before the jury authorized it to find that the victim of the assault lived on the second floor of a dormitory of the Medical College of Georgia. The residents of that building had a key that opened a fire door leading off a fire escape staircase. The victim passed by a person subsequently identified as Rhodes who was standing at the base of the stairs. She climbed the stairs, placed a basket of clean clothes on the landing and opened the door with her key. She held the door open long enough to retrieve her basket and enter the hallway. As she walked up the hall toward her single room, she observed that a person had entered the door behind her. She unlocked the door to her room and entered, placing her basket on the bed. She then became aware

that the person in the hall (Rhodes) had followed her into her room. Rhodes told her to disrobe and lay on the bed or he would "blow my head off." As Rhodes advanced toward her, the victim began to scream. Rhodes grasped her about the neck and choked her and then struck her with substantial force in the face with his fist. The victim continued to scream even though she was knocked to the floor. Rhodes then in an unhurried manner walked from the room, down the hall and out the fire door. As he walked down the hall, he was observed and heard to make a comment back in the direction of the victim's room.

The victim complained to the police who, with her help, made a composite drawing of the assailant. This composite was seen by another police officer who remarked that it appeared to be a picture of Rhodes. A reproduction of the composite was placed on the bulletin boards of the dormitory for possible identification. Rhodes' brother, who was an employee of the Medical College, demanded that the "picture of my brother" be removed. Based upon the possible identification of Rhodes, a pictorial lineup was prepared and exhibited to the victim and the second person who had observed Rhodes leaving the building. Both selected Rhodes without hesitation from the lineup. Also, Rhodes was identified in court as the assailant. Lastly during its case in chief, the state introduced evidence from two other putative victims of similar crimes, both of whom identified Rhodes as their assailant. One of these rapes occurred on the same day as the assault involved in this case and the conduct of the accused was shown to be substantially the same in both. These acts were admitted by the trial court for the limited purpose of showing identity, scheme, motive, intent or course of conduct. Rhodes offered evidence of alibi to support his plea of not guilty.

We will not speculate as to what evidence the jury chose to believe or disbelieve. On appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. *Mills v. State,* 137 Ga. App. 305, 306 (223 SE2d 498). Where the testimony of the state and that of the defendant is in conflict, the jury is the final arbiter (*Sims v. State,* 137 Ga. App. 264 (223 SE2d 468)), and after the verdict is approved by the trial judge, the evidence will be construed so as to uphold the verdict even where discrepancies appear. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). There is no merit in this enumeration.

2. Rhodes contends the trial court erred in admitting the evidence of uncharged conduct even for the limited purpose of identity or course of conduct. This enumeration of error ignores the

well established legal principles governing admission of such evidence. Evidence of other offenses of a similar nature may be admitted in criminal prosecutions, particularly those involving sexually related offenses, for the purpose of identifying the accused by showing a common motive, plan, scheme, bent of mind or course of conduct. *Thomas v. State,* 234 Ga. 635 (1) (217 SE2d 152); *Rivers v. State,* 147 Ga. App. 19 (1) (248 SE2d 31). This is true even though the defendant may have been tried and acquitted of the prior offense. *Taylor v. State,* 174 Ga. 52 (7), 67-68 (162 SE 504); *Dandridge v. State,* 109 Ga. App. 33 (1) (134 SE2d 814). Because of Rhodes' alibi evidence, we conclude the relevance of the evidence to the issue presented outweighed the potential prejudice; thus, the evidence properly was admitted. *Garrett v. State,* 147 Ga. App. 666, 671 (8) (250 SE2d 1).

3. Appellant also argued that his right of cross-examination was improperly curtailed because the trial court would not allow the defense to inquire of one of the victims of one of the unrelated crimes the disposition of that trial (a mistrial). We find no merit in this enumeration. The scope of cross-examination lies within the sound discretion of the trial court. *Kessel v. State,* 236 Ga. 373, 375 (223 SE2d 811). Certainly if the acquittal of the defendant does not effect the admissibility or probity of such prior misconduct, knowledge of the entry of a mistrial as to such a trial, which is even a less final disposition of the question of legal culpability than acquittal, could shed no light upon the relevancy of the evidence, and would possibly tend to be confusing to a trier of fact. We find no abuse of discretion in these circumstances and accordingly no error.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 13, 1983.

*Douglas J. Flanagan,* for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, George N. Guest, Assistant District Attorneys,* for appellee.