## 66836. EPPS v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant, Thomas Epps, appeals his conviction of the misdemeanor offense of selling beer on Sunday. GBI agent Harold Cook, and a GBI intern, John Goodson, went to Oglethorpe County on Sunday, August 16, 1981, to make purchases of beer. They stopped at the Patriot Food Store where Epps was working. They testified that he was behind the counter when they arrived. They went inside to the beer cooler and discussed what type of beer to purchase. They saw him go outside to the rear of their car and look at the bumper area. They had a Hall County tag and a North Georgia College parking decal on the rear bumper. They placed the two six packs of beer on the counter and when he returned he told them he was "just checking" that "you have to watch out for undercover policemen." He asked them if they were "undercover police." They said they were not, they were on their way to go fishing at Clark Hill Lake. They remained only a couple of minutes and left.

Epps testified there was a sign on the beer cooler: "No Beer on Sunday." When Cook and Goodson arrived, he was picking up trash around the door and was bringing it in to the trash can. When they put the beer on the counter, he told them he did not sell beer on Sunday. Rather than putting it back in the cooler — they remained at the counter and talked for 10 to 15 minutes. They said they were going fishing. It was the middle of August and it must have been 100

degrees and they acted like they were going to die if they didn't get some beer to go fishing. He advised them of two other places which might sell them beer. "They were very subtle — subtly encouraging and persuading me to sell them the beer. Saying things like . . . 'Aw, come on, you can do it just this one time. . .' " "The only thing I had against me was my weakness to the pressure — the peer pressure that was there."

The trial court instructed on the defense of entrapment, but the jury returned a finding of guilty. The defendant appeals. *Held:*

1. Counsel complains that the transcript contains errors and omissions, and of significant import is a portion which shows a "discussion at bench" occurred, when in fact counsel states he placed an objection to the court's charge on entrapment. When a party to a trial states "the transcript or record does not truly or fully disclose what transpired in the trial court and the parties are unable to agree thereon, the trial court shall set the matter down for a hearing with notice to both parties, and resolve the difference so as to make the record conform to the truth." Code Ann. § 6-805 (f) (now OCGA § 5-6-41 (f)). Defendant's remedy is in the trial court, not the appellate court. *Patterson v. State,* 233 Ga. 724, 731 (213 SE2d 612); *High v. Zant,* 250 Ga. 693 (11) (300 SE2d 654). However, the defendant did not waive his right to object to the charge on entrapment and all that he need have done is enumerate it as error. He has assigned three enumerations of error on the entrapment charge and we will necessarily face that issue in addressing the enumerated errors.

2. Objection is made to the charge of the court that it is not entrapment "where the officers merely furnish an opportunity to a *criminal* who is ready and willing to commit an offense." (Emphasis supplied.) The instruction is taken from the pattern instruction of the Superior Court Criminal Jury Instructions. Although we find no reversible error, we admit that the selection of the word "criminal" is inappropriate when referring to a defense of a defendant. The word does import, or connote, criminal acts, or perhaps a predisposition to commit criminal acts. But, this instruction was in the abstract in explaining the meaning of a defense asserted in this trial and did not refer to the defendant personally. A more appropriate term — with less adverse implication toward a defendant should be used — i.e. "a person," "an individual," or even "a suspect." However, the charge is not incorrect as a matter of law and no reversible error appears.

3. The trial court did not err in giving the "Allen charge" to the jury after they had deliberated approximately two hours. The decision of whether or not, or when, to give the "Allen charge" is within the sound discretion of the trial judge. *Mize v. State,* 140 Ga. App. 17 (5) (230 SE2d 81); *Thornton v. State,* 145 Ga. App. 793, 794

(245 SE2d 22). The length of time the jury must deliberate before the giving of the "Allen charge" is within the discretion of the trial court and will not be controlled unless there is a manifest abuse of discretion. *Roberts v. State,* 141 Ga. App. 550 (4) (234 SE2d 138). We have found no abuse of discretion.

4. Error is alleged in the argument of the district attorney in stating that the defendant had offered "no defense" when in fact the defense of entrapment was in issue. Our review of the transcript shows that no objection was made to this argument. When improper argument is made to the jury, it is necessary, in order to make the alleged error the basis for appeal, that opposing counsel, during the trial, properly object to the argument, invoke the ruling or instruction of the court, and if dissatisfied with the action taken to renew the objection and move for mistrial. *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221); *Cochran v. State,* 213 Ga. 706 (2) (100 SE2d 919); *Moore v. State,* 222 Ga. 748, 755 (152 SE2d 570); *Johnson v. State,* 226 Ga. 511 (5) (175 SE2d 840). The defendant has not reserved the right to present this issue on appeal.

5. The defendant argues that the court erred "in permitting witness Cook to testify to impermissible hearsay and unsubstantiated tips that either the Appellant or the Patriot Food Store had previously been involved in Sunday beer sales (T-128) inasmuch as the Court had granted Appellant's Motion in Limine prohibiting reference to such matters." Reference to the transcript at the page indicated reveals that the witness being questioned was agent Cook and that the questioning was by defendant's counsel. Counsel specifically asked the agent: "What were your instructions that day regarding your trip to Oglethorpe County? What were your instructions from your supervisor?" The agent testified that he had been told which locations to go to to buy beer. Then counsel asked: "And you didn't have Mr. Epps name when you left Athens to come down here, did you? A. We had Patriot Food Store . . . Q. You didn't know who he was or never had any report on Mr. Epps selling beer on Sunday, then, did you? A. Again, I didn't get the reports. If the reports name him specifically, they were made to the people who told me to come down there."

"Having elicited the objected-to testimony . . . appellant cannot now complain for it was he who introduced them into evidence, and self-induced error is not grounds for reversal." *Sullens v. State,* 239 Ga. 766 (2) (238 SE2d 864).

6. The remaining enumerations of error contend the trial court erred in its entrapment instruction as it did not properly charge the element of predisposition and did not adequately convey that the state's burden of proof to negate entrapment extends to all elements

of the entrapment defense as he requested. The jury was adequately and correctly charged on the defense of entrapment in the words of the statute. Code Ann. § 26-905 (now OCGA § 16-3-25). The court also charged that it was not entrapment "where the officers merely furnish an opportunity to a criminal who is ready and willing to commit an offense," and that the State "has the burden of proving beyond a reasonable doubt that the defendant was not entrapped." Except for the use of the term "criminal," as noted above, the remaining charge on entrapment was complete and accurate. *Jones v. State,* 160 Ga. App. 209 (286 SE2d 764); *Hill v. State,* 225 Ga. 117, 119 (166 SE2d 338); *Johnson v. State,* 246 Ga. 126 (2) (269 SE2d 18); *Paras v. State,* 247 Ga. 75, 77 (274 SE2d 451). Where the charge given is fair and complete and substantially covers the applicable principles, failure to give a requested instruction in the exact language requested is not error. *Leutner v. State,* 235 Ga. 77, 81 (218 SE2d 820); *Crawford v. State,* 236 Ga. 491, 493 (224 SE2d 365). These enumerations are without merit.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 21, 1983.

*William C. Head,* for appellant.
*Lindsay A. Tise, Jr., District Attorney, Barry Irwin, Assistant District Attorney,* for appellee.