71059. OSTEEN v. THE STATE.
(337 SE2d 369)

BANKE, Chief Judge.

Douglas Alan Osteen appeals his conviction of driving under the influence of alcohol.

The appellant was the operator of a pickup truck which collided with an automobile being driven by an off-duty police officer. According to the officer, appellant's eyes were bloodshot, his face was flushed, and his breath had a strong odor of alcohol. A state trooper who investigated the accident corroborated the officer's testimony in this regard. Appellant consented to undergo a breath "screening test" and was arrested for driving under the influence of alcohol based on the results of that test. The arresting officer testified that he informed the appellant of his rights under the implied consent law at this time, including his right to an additional blood-alcohol test of his own choosing. After the appellant was transported to the police station, an

auto-intoximeter test was administered to him, which showed his blood-alcohol content to be 0.15 percent. According to the troopers, at no time did appellant object to the state-administered test or request an independent test.

Appellant admitted having consumed one beer shortly before the collision and having consumed two others earlier that day. While acknowledging that he consented to the screening test, he denied having been advised of his implied consent rights at the time of his arrest, particularly his right to an independent chemical test. Appellant enumerates as error the refusal of the trial court to suppress the results of the auto-intoximeter test. *Held*:

1. A law enforcement officer who requests a person suspected of operating a motor vehicle under the influence of alcohol or drugs to submit to a chemical test for blood-alcohol content must inform that person at the time of arrest of his or her right to an independent chemical analysis. See OCGA § 40-6-392 (a) (4). "Under ordinary circumstances, where this advice is not given at the time of arrest, or at a time as close in proximity to the instant of arrest as the circumstances of the individual case might warrant, the results of the state-administered test will not be admissible at trial to show that the accused was driving under the influence of alcohol or drugs." *Perano v. State*, 250 Ga. 704, 708 (300 SE2d 668) (1983).

Although appellant denied that he was advised of his right to an independent test, the arresting officer directly refuted this assertion. A conflict over whether a defendant was advised of his right to an additional chemical test is a matter of credibility to be resolved by the trial court. See *Hunter v. State*, 143 Ga. App. 541 (1) (239 SE2d 212) (1977). The trial court did not err in resolving this issue adversely to appellant in the instant case. The appellant's reliance on the holding in *Steed v. City of Atlanta*, 172 Ga. App. 839 (4) (325 SE2d 165) (1984), wherein the state was required to prove an affirmative waiver by the defendant of his right to an independent chemical test, is misplaced. The defendant in that case testified without contradiction that he had requested an independent test upon being advised of his implied consent rights, whereas the appellant in the present case admitted having made no such request. Thus, the present case merely boils down to a conflict between the testimony of the arresting officer and the testimony of the appellant, a conflict which the trial court was authorized to resolve in favor of the state. In any event, the holding in *Steed* was recently disavowed by this court in an opinion written by the same judge who authored *Steed*. See *State v. Dull*, 176 Ga. App. 152 (335 SE2d 605) (1985).

2. Appellant contends that the evidence is insufficient to support the verdict. However, we are satisfied that the evidence was sufficient to enable any rational trier of fact to find appellant guilty beyond a

reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Brennon v. State*, 253 Ga. 240 (2) (319 SE2d 841) (1984).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 11, 1985 —
REHEARING DENIED NOVEMBER 5, 1985 —

*Johnny H. Butcher*, for appellant.
*James C. Abbot, Solicitor*, for appellee.