## 70828. STEVENS v. THE STATE.
(336 SE2d 846)

BENHAM, Judge.

Appellant seeks a reversal of his conviction on two counts of aggravated assault, enumerating as error the denial of his motions for directed verdicts of acquittal and the denial of his motion for new trial. Finding no merit in appellant's assertions, we affirm.

1. Appellant claims that his motion for directed verdicts of acquittal should have been granted at the close of the State's case because the State failed to prove that assaults had been committed against the two victims, Mr. Nelson and Mr. Lawrence. Appellant bases this assertion on the fact that there was some evidence indicating that the victims did not know appellant had a razor and did not realize at the moment of injury that they had been cut with it. This issue was decided adversely to appellant in *Sutton v. State*, 245 Ga. 192 (1)

(264 SE2d 184) (1980), which states: "Awareness is not an essential element of the crime of aggravated assault." Moreover, at trial Lawrence stated that not only was he in apprehension of injury, he was "scared to death," and that he tried to wrest the razor blade from appellant's hand as appellant said he was going to cut Lawrence again. Nelson testified that he saw a razor blade in appellant's hand as he wrestled with appellant; that appellant was "absolutely crazy, wild, just slashing at anything that he could get his hands on"; and that when he got up from the ground where they had been scuffling and headed toward the car, he realized that he had been cut. Nelson suffered an injury to his rib cage and a scarred lung, requiring a total of 49 stitches. This evidence was sufficient to prove the essential elements of the crimes. OCGA § 16-5-21.

2. Appellant's second argument is that his motion for directed verdicts of acquittal should have been granted at the close of all the evidence because the State failed to prove the crimes occurred within the State of Georgia, citing OCGA § 17-2-1 (b) (1) and *Brown v. State*, 52 Ga. App. 536 (1) (183 SE 848) (1936), in support of his contention. The case was tried in Baldwin County, Georgia, and appellant admits that the State proved the crimes were committed in Baldwin County but argues that the county of which the witnesses spoke could have been Baldwin County, Alabama. Based on our review of the record, we must disagree. When asked, "Are you from Baldwin County?" Lawrence responded, "Yeah, I've been here all my life." He further testified that the site of his business operation was located off Jefferson Street at the old Griffin pipeline in Baldwin County and that the crimes took place at that site. "Witnesses testifying to venue need not state that the county in which the incident occurred is in the State of Georgia. [Cit.]" *Buchanan v. State*, 173 Ga. App. 554 (2) (327 SE2d 535) (1985). There was other evidence to support the conclusion that Georgia was the situs of the crimes. Since there was no conflict in the evidence as to venue and the evidence was otherwise sufficient to meet the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), there was no error in the trial court's denial of appellant's motion for a directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436) (1984).

3. Since appellant based his motion for new trial on questions of law and fact addressed in Divisions 1 and 2 of this opinion, the trial court did not err in denying the motion.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 28, 1985.

*T. Dorsey Yawn*, for appellant.
*Joseph H. Briley, District Attorney, Shane M. Geeter, Assistant*

*District Attorney*, for appellee.