### 71272. JOHNSTON v. THE STATE.
(342 SE2d 706)

McMURRAY, Presiding Judge.

Defendant appeals from his conviction of two counts of violation of the Georgia Controlled Substances Act (possession of methaqualone with intent to distribute and possession of more than one ounce of marijuana). *Held*:

1. The State's evidence shows that on June 1, 1982, defendant leased a mini-warehouse. At that time defendant paid the rent for June and a deposit. (The deposit, equivalent to a month's rent could be, and often was, applied as the last month's rent. Apparently, the deposit was automatically applied as rent in the absence of contrary instructions.) On July 24, 1982, defendant's check for a month's rent was received and applied as rent for July. No further payments were received from defendant, so that, with application of the deposit, rent was paid through August.

The mini-warehouse facility was the site of frequent break-ins. On the morning of August 16, 1982, the manager of the facility discovered that there had been break-ins of 15-20 units including the mini-warehouse leased by defendant. In order to inspect the premises, the manager of the facility entered the mini-warehouse leased to defendant and found the contraband which is the basis of the charges against defendant.

Upon being summoned by the manager, police found, in the mini-warehouse, 21 plastic bags containing approximately 300,000 counterfeit Quaalude pills (methaqualone) and a quantity of hashish (marijuana). On a cardboard box next to the bags of pills was a credit card receipt imprinted with defendant's credit card, signed by defendant and dated June 4, 1982. Various other items including a quantity of insulation, wooden crates and a green army duffel bag were also found in the mini-warehouse.

The police established surveillance of defendant's house and of the mini-warehouse without results. The police investigation revealed no evidence as to when the contraband was placed in the mini-warehouse or indeed whether or not the defendant ever went into the mini-warehouse. Thus, the State's case is predicated in its entirety upon the evidence that defendant leased the mini-warehouse.

Defendant testified that: He had leased the mini-warehouse and had placed a lock on it. The space was rented in order to provide a safe place to strip antique furniture and he had worked on two pieces of furniture there. Also, some of his fiancee's things were stored there.

All of these items were removed in mid-July and at that time he had given the only key to the space to an ex-brother-in-law who had asked to store some of his personal things there. Defendant testified that he did not return to the mini-warehouse after giving the key to his ex-brother-in-law.

Defendant contends the trial court erred in denying his motions for directed verdict at the close of the State's evidence and at the close of all the evidence. Generally, where a person is the lessee of premises the jury is permitted to presume that such person is in possession of the entire premises and all property therein although "this is a rebuttable presumption and may be overcome by evidence in the case that others had access to the premises." *Knighton v. State*, 248 Ga. 199, 200 (fn. 1) (282 SE2d 102). However, "[m]erely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime . . . 'To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.' [OCGA § 24-4-6.]" *Gee v. State*, 121 Ga. App. 41, 42 (1) (172 SE2d 480).

On appeal this court is bound to construe the evidence so as to uphold the jury's verdict. *Rhodes v. State*, 168 Ga. App. 10, 11 (1) (308 SE2d 33). "[T]he jury's function is to weigh the evidence and ascertain the credibility of the witnesses and of their testimony. *Barton v. State*, 40 Ga. App. 504 (150 SE 449) (1929); *Burse v. State*, 41 Ga. App. 364 (153 SE 91) (1930). They may accept or reject all or any part of the testimony of any witness. *Burke v. State*, 196 Ga. 702, 707 (27 SE2d 313) (1943); *Davis v. State*, 205 Ga. 248, 254 (5) (53 SE2d 545) (1949); *Johnson v. State*, 69 Ga. App. 663 (1) (26 SE2d 482) (1943). That is not our function. *Williams v. State*, 150 Ga. App. 852, 854 (258 SE2d 659) (1979); *Clary v. State*, 151 Ga. App. 301 (1) (259 SE2d 697) (1979)." *Barnes v. State*, 175 Ga. App. 621, 622 (1) (334 SE2d 205). Thus, the credibility to be attributed to defendant's testimony in regard to surrendering possession of the premises to his ex-brother-in-law was for the jury. As to the evidence of access to the premises by the unknown individual who accomplished the break-in, such was not that "equal access" which would shield defendant from the presumption of possession of the contraband found on the premises. *Barnes v. State*, 175 Ga. App. 621, 625, supra. " 'The totality of the evidence was sufficient to connect the defendant to the possession of the drugs . . . even though the evidence would have authorized a finding that others had equal access to the drugs. (Cits.)' *Teems v. State*, 161 Ga. App. 339, 340 (287 SE2d 774). See *Pamplin v. State*, 164 Ga. App. 610 (298 SE2d 622)." *Little v. State*, 173 Ga. App. 512

(1) (326 SE2d 859).

The evidence was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Osteen v. State*, 176 Ga. App. 722, 723 (2) (337 SE2d 369). There was no error in the denial of defendant's motions for directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436); *Stevens v. State*, 176 Ga. App. 583, 584 (2) (336 SE2d 846).

2. Defendant enumerates as error the trial court's refusal to admit into evidence two of his exhibits, the cancelled checks of defendant's checking account for 1982 and defendant's bank statements for 1982 from the same bank. "The trial court has broad discretion as to admitting or excluding proffered evidence. *Baker v. State*, 246 Ga. 317 (271 SE2d 360) (1980). The Georgia rule favors admission of any relevant evidence, *Sprouse v. State*, 242 Ga. 831 (252 SE2d 173) (1977), and relevant evidence is defined as that which 'renders the desired inference more probable than it would be without the evidence.' *Patterson v. State*, 233 Ga. 724, 725 (213 SE2d 612) (1975); *Baker v. State*, supra. See also Agnor's Georgia Evidence, § 10-2, p. 165." *Wilbanks v. State*, 165 Ga. App. 876, 878 (4) (303 SE2d 144). We are unable to perceive the relevance of the evidence at issue. See in this connection *Reed v. State*, 238 Ga. 457, 459 (5) (233 SE2d 369). Compare *Walker v. State*, 156 Ga. App. 842, 845 (1) (275 SE2d 755). We also conclude that it is highly probable that the exclusion of this evidence did not contribute to the judgment against defendant. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869). This enumeration of error is without merit.

3. Defendant's next eight enumerations of error suggest various errors and omissions in the trial court's charge to the jury. The first three of these enumerations suggest error in the charge given. There was no error in the charge as to the State's burden of proof, the charge on actual possession was authorized by the evidence and there was no error in the charge on constructive possession.

Five of the enumerations deal with the trial court's refusal to give defendant's requested charges. Four of these are governed by the rule that the trial court has no duty to give requested instructions in the exact language requested, when the same matter is fairly, accurately, and adequately covered elsewhere in the charge as a whole.

Finally, there was no error in failing to charge the jury on the best evidence rule (OCGA § 24-5-4). There was no issue in the case as to the contents of a writing. See *Guthrie v. State*, 147 Ga. App. 351, 356 (9) (248 SE2d 714). Defendant's eight enumerations of error regarding the jury charge are without merit.

4. Defendant's remaining enumeration of error complains of the State's withholding evidence in violation of *Brady v. Maryland*, 373

U. S. 83 (83 SC 1194, 10 LE2d 215). First, there clearly is no violation of *Brady*. Secondly, the substance of defendant's argument is that the State is guilty of two acts of misconduct.

First, a ledger sheet was maintained by the mini-warehouse in connection with defendant's lease. When introduced at trial the ledger sheet shows the imprint of a rubber stamp upon which certain blanks were filled in to show that defendant had "skipped" and was dated "11-1-82." The same ledger sheet when admitted previously, on the hearing of defendant's motion to suppress evidence, had not borne the rubber stamp and inscriptions. Based on this discrepancy defendant suggests tampering with the document after it was in the possession of the State. However, we note that no issue regarding allegations of tampering was raised in the trial court. Issues which were not raised in the trial court cannot be raised for the first time on appeal. *Moore v. State*, 169 Ga. App. 24 (311 SE2d 226).

The second alleged item of misconduct is predicated entirely on factual assertions appearing only in defendant's brief and not in the record of the case. Defendant thus fails in his burden to show any asserted error affirmatively by the record. *Holzmeister v. State*, 156 Ga. App. 94 (1) (274 SE2d 109).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 24, 1986 —
REHEARING DENIED MARCH 11, 1986 — 

*Paul J. Stalcup*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Paul L. Howard, Jr., Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.