A89A0130. HOLCOMB v. THE STATE.
(381 SE2d 594)

BIRDSONG, Judge.

Bryce William Holcomb was convicted of driving under the influence of alcohol and sentenced to twelve months suspended upon payment of a fine and post-conviction remedial training, weekend incarceration, and public service. He brings this appeal raising three enumerations of error. *Held*:

1. In his first enumeration, Holcomb complains the trial court erred in denying a pretrial motion to quash. The basis of this motion to quash was that the arresting officer had no probable grounds for arrest and thus all information developed after the arrest was improperly admitted and considered. The principal reasoning advanced by Holcomb is that he was never seen operating his vehicle in an erratic or dangerous manner and in fact the arresting officer conceded that, based upon his observation of the operation of the vehicle by Holcomb, there was no reason to stop the car or ultimately to make an arrest.

However, we must observe that Holcomb is not charged with nor convicted of reckless or dangerous driving. The actual facts are that Holcomb, while celebrating his fiftieth birthday, drank a half gallon of vodka over a weekend. He admittedly drove his car to a convenience store to purchase cigarettes. As he left his home or after he left his home, his wife called the police advising them that her husband was intoxicated and driving a described auto with a particular tag number. This information was broadcast over the police network and received by an officer. The officer drove to the area where the wife reported her husband would be driving. The officer observed the car described in the lookout broadcast and saw Holcomb driving the vehicle. The two cars were at an intersection but going in opposite directions. The officer turned around to pursue Holcomb's car but Holcomb lived on the corner of the intersection and by the time the officer had begun the chase, Holcomb turned into the driveway of his condominium complex and parked his car. The officer turned in behind Holcomb who had in the meantime abandoned the car and fled toward the door to his house. The officer pursued Holcomb to the condominium where he was met by appellant's wife. She invited the officer inside, informing the officer her husband had gone to the rear of the house. Though the officer did not see anyone at the rear of the house, he heard someone climbing stairs to the second floor. The of-

ficer, from the foot of the stairs, called upon Holcomb to come back downstairs, to answer some questions. Upon receiving no response, the officer ascended the stairs and observed Holcomb lying in bed covered over with bed coverings. It was determined that Holcomb had pulled off his shoes and was lying in bed otherwise fully clothed. The officer detected a strong odor of alcohol coming from the person of Holcomb. Further examination disclosed that Holcomb spoke with slurred speech, his face was flushed, he could not recite the alphabet, had difficulty maintaining balance and when standing would "weave like a tree in a breeze, he'd been drinking a lot." There was no doubt in the officer's mind that Holcomb was under the influence of alcohol. Likewise, he was certain this was the same man he had seen driving a few minutes earlier. It was only after the officer made the conclusion of intoxication based upon his personal observations that Holcomb was placed under arrest for driving under the influence.

Though this was the state of facts developed at trial, the order of the trial court denying the motion to quash the accusation relied more heavily upon the knowledge of the arresting officer that a man driving a particular car at a particular place and time was alleged to be intoxicated; that the car was observed by the officer and followed; the driver drove into a driveway, parked, abandoned the car, and fled. The arrest occurred after the officer, in hot pursuit, was invited into the house by Mrs. Holcomb and found Holcomb fully dressed in bed and then only after having spoken with Holcomb.

In its order the court rejected any argument that Holcomb's car had been stopped by the officer. The ruling concluded that the officer had apparently received reliable information that Holcomb was driving while intoxicated, but when the officer sought to verify this report, Holcomb fled and sought to hide. The arrest only occurred after Holcomb was confronted and physically observed.

The report received over the radio constituted sufficient grounds to create an articulable suspicion warranting reasonable cause to stop Holcomb. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889). When the effort to stop proved impossible, the arresting officer saw the suspect flee and thereafter make an attempt to avoid the officer's observations of his physical condition. We are satisfied the officer legally pursued Holcomb to his bedroom. " ' "The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow . . . a criminal to escape. On the contrary, *Terry [v. Ohio*, supra] recognizes that it may be the essence of good police work to adopt an intermediate response. . . . A brief [encounter with] a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at

the time." [Cits.]' *Stiggers v. State*, 151 Ga. App. 546, 547 (260 SE2d 413) (1979)." *Coley v. State*, 177 Ga. App. 669, 670 (341 SE2d 9). Moreover, under the attendant facts, appellant's wife validly consented to the officer's entry into their bedroom thereby negating any issue of an arrest tainted by an illegal entry of appellant's home. Compare the facts of this case with *Payton v. New York*, 445 U. S. 573 (100 SC 1371, 63 LE2d 639). When the officer engaged in conversation with Holcomb and observed his condition, there can be no question that reasonable cause was manifested and the arrest was proper. See *Griggs v. State*, 167 Ga. App. 581, 582 (307 SE2d 75).

Appellant counters by arguing that while driving his car he was not seen to be violating any law nor causing any hazards or other danger to the public. Because Holcomb had already parked his car, there was no further need to protect the public. This argument ignores the fact that the violated law proscribes anyone in this state from operating a motor vehicle while under the influence of an intoxicant. It is beyond dispute that the arresting officer saw Holcomb driving a motor vehicle and within a few minutes of such observation determined that Holcomb was substantially impaired in his physical and mental faculties. Thus appellant's argument misses the mark and is not relevant to the crime charged—driving under the influence as opposed to driving with reckless disregard for the safety of others.

2. In his second enumeration of error, appellant urges that the evidence was insufficient as a matter of law to support the findings of guilt. The basis of this contention is a continuation of the argument that the only direct evidence of Holcomb's operation of the motor vehicle was that while observed, the car was operated in a safe and lawful manner. This still ignores the undisputed evidence that Holcomb was substantially intoxicated while driving on that occasion.

On appeal, our duty is to construe the evidence so as to uphold the jury's verdict. *Rhodes v. State*, 168 Ga. App. 10, 11 (1) (308 SE2d 33). There can be no doubt that evidence before the jury was amply sufficient to convince any rational trier of fact of Holcomb's guilt beyond any reasonable doubt of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Osteen v. State*, 176 Ga. App. 722, 723 (2) (337 SE2d 369).

3. In his final enumeration, Holcomb submits the trial court erred in allowing the State to propound to him this question on cross-examination: "Isn't it a fact that if you were not under the influence of alcohol that [the B-A] test would have cleared you?" Holcomb complains the question calls for a speculative answer and thus was objectionable.

Before the objection was made, Holcomb in substance had already admitted that the test would have shown his non-intoxication if he had "passed" the test. However, the question of intoxication really

was not in issue for Holcomb freely admitted he had consumed a half gallon of vodka over the past 50-60 hours, had consumed an unstated amount prior to driving, and was not sure he could pass the test if administered. His contention at trial was that his only reason for refusing the test was his indignation at having his bedroom invaded and being arrested in his own bed for driving his car under questionable circumstances.

The fact that Holcomb had refused to take an appropriate test to determine if he was intoxicated clearly was admissible and evidence to that effect already adduced. OCGA § 40-6-392 (c). In explanation of his refusal, he had stated his reason for having refused to subject himself to that test. He therefore had "opened the door" as to the area of explanation of his conduct. The question propounded by the State apparently was designed to test the basis for the declination of the test and to offer the jury another plausible reason. The scope of cross-examination lies largely within the discretion of the trial court. *Hudson v. State*, 137 Ga. App. 439, 440 (1) (224 SE2d 48). We will not disturb the exercise of that discretion in the absence of a clear manifestation there has been an abuse of that discretion. *Gravitt v. State*, 220 Ga. 781 (141 SE2d 893). We find no such abuse in this case. Moreover, inasmuch as the issue of intoxication was not the *sine qua non* of the appellant's defense, even assuming the speculativeness of the answer called for by the question rendered the question of dubious value, there could be no prejudice such as would infect an otherwise valid verdict and judgment. See *Dill v. State*, 222 Ga. 793 (152 SE2d 741). We find no error in the admission of the question and answer.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED APRIL 20, 1989.

*Howard T. Overby, L. Eddie Benton, Jr.*, for appellant.
*Lydia S. Jackson, Solicitor*, for appellee.