A91A2159. VANDERGRIFT v. THE STATE.
(415 SE2d 2)

McMurray, Presiding Judge.

Defendant was tried before a jury and found guilty of driving under the influence of alcohol (DUI). This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court erred in denying his motion for new trial, arguing that the State failed to comply with his request made pursuant to *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215), by failing to inform him before trial that his motor home vehicle was the "target" of an undercover police investigation. De-

fendant argues that this evidence was exculpatory because it shows that he was arrested for DUI after driving the motor home so that the vehicle could be searched. This enumeration is without merit.

" '[A] prosecutor's nondisclosure of evidence may impair a defendant's right to a fair trial only if the evidence not disclosed is material in the sense that it might create in the minds of the jurors a reasonable doubt that did not otherwise exist. The proper test for determining materiality when the prosecutor has failed to disclose favorable evidence pursuant to no request, a general request, or a specific request for evidence by the accused is that the evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' . . . [Cits.]" *Cato v. State*, 195 Ga. App. 619 (1) (394 SE2d 413).

The fact that law enforcement officers suspected that illegal drugs were concealed in defendant's motor home vehicle does not diminish overwhelming proof that defendant was guilty of driving the motor home vehicle while under the influence of alcohol. Defendant admitted that he visited two drinking establishments on the night of his arrest and that he consumed alcoholic beverages immediately before driving the motor home. Officer Tony Norris of the Clarke County Police Department testified that he observed defendant staggering from a bar to the parked motor home and that he watched defendant drive the vehicle onto a public road. Officer Norris further testified that he followed defendant and observed the motor home vehicle swerve "several times" and "at one point both tires on the left side of the vehicle were in the oncoming traffic lane." Officer Dale Parrish of the Athens Police Department testified that he approached defendant outside the motor home vehicle after responding to Officer Norris' radioed request for assistance and that he smelled alcohol on defendant's breath. Officer Parrish testified that defendant refused to take "an Alco-Sensor test," but agreed to "say his A-B-C's, which is a field sobriety test." Officer Parrish testified that defendant "got as far as R, and then he stopped, and he refused any other field tests." Officer Parrish further testified that defendant then "became somewhat disorderly, began demanding we call the FBI, Sam Nunn, several other agencies and individuals." Officer Parrish explained that defendant thereafter experienced "several mood swings" and later refused to take a State-administered breath test. This evidence and evidence that defendant had slurred speech and was unsteady on his feet after he was approached by Officer Parrish is more than sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of driving the motor home vehicle while under the influence of alcohol. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61

LE2d 560); *Burks v. State*, 195 Ga. App. 516, 518 (5) (394 SE2d 136).

2. Defendant contends there was insufficient basis for his stop and subsequent arrest for driving under the influence of alcohol. This contention is without merit.

Officer Norris' "report received over the radio [that he suspected defendant of driving a motor vehicle while under the influence of alcohol] constituted sufficient grounds to create an articulable suspicion warranting reasonable cause to stop [defendant]. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889)." *Holcomb v. State*, 191 Ga. App. 379 (1), 380 (381 SE2d 594). Further, Officer Parrish's observation of defendant after the stop gave reasonable cause for defendant's arrest for driving under the influence of alcohol. *Holcomb v. State*, 191 Ga. App. 379 (1), 381, supra.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JANUARY 6, 1992.

*L. Scott McLarty*, for appellant.
*Kenneth W. Mauldin, Solicitor*, for appellee.