A92A1570. HARRIS v. THE STATE.
(423 SE2d 723)

JOHNSON, Judge.

Palace Harris was indicted for possession of cocaine. His pre-trial motion to suppress evidence was denied by the trial court. Harris entered a guilty plea to possession of cocaine and properly reserved his right to appeal from the order denying his motion to suppress.

1. Harris contends that the trial court erred in denying his motion to suppress as his alleged consent to be searched resulted from an illegal detention.

Reasons for brief investigatory stops need not rise to the level of probable cause to make an arrest, but merely to the level of articulable suspicion that the law was being violated. *Terry v. Ohio*, 392 U. S. 1, 30 (88 SC 1868, 20 LE2d 889) (1968); see also *Shaw v. State*, 179 Ga. App. 807 (348 SE2d 132) (1986).

At the hearing on Harris' motion to suppress, Officer Gary Casteloes testified that he and other drug agents were performing a routine patrol in a "known drug area" where there are "many shootings." When Harris and several other individuals saw the patrol car, they began running. The flight of the individuals prompted the officers to chase them.

Casteloes testified that it had been his experience that when police patrol "high drug areas," individuals with drugs on their person usually run upon the arrival of the police. An individual's flight upon seeing a police officer may be some evidence of guilt. See generally *Green v. State*, 127 Ga. App. 713, 715 (194 SE2d 678) (1972) (where this court held that flight along with other circumstances is sufficient to create probable cause for a warrantless arrest). Under the totality of the circumstances, we conclude that Harris' flight after observing the police car gave the officers sufficient articulable suspicion to conduct a *Terry* "stop and frisk."

2. Harris further contends that the trial court erred in ruling that the evidence sought to be suppressed was obtained as a result of a valid consensual search as Harris' consent to the search was not given freely and voluntarily.

After Harris was apprehended, Casteloes frisked him and, in doing so, felt an object in his pocket. Casteloes asked Harris what the object was, and Harris replied that it was tissue. Casteloes testified that he asked Harris if he could remove the tissue from his pocket, and Harris consented. Casteloes then removed the tissue from Harris' pocket and found a piece of "crack" cocaine wrapped inside.

The lower court's decision on questions of fact and credibility at a suppression hearing must be accepted by the reviewing court unless clearly erroneous. *Garcia v. State*, 200 Ga. App. 741, 742 (409 SE2d 683) (1991). At the hearing on Harris' motion to suppress, the defense offered no evidence and there is no other evidence presented in the record which would contradict the State's contention that Harris freely and voluntarily consented to Casteloes' removal of the tissue containing the cocaine from Harris' pocket. Furthermore, there is no evidence present in the record that any coercion or pressure was placed on Harris which would have compelled him to "consent" to Casteloes' request to remove the tissue. Accordingly, the trial court did not abuse its discretion in denying Harris' motion to suppress.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 14, 1992.

Moore, Chambliss & Allen, David R. Tyndall, for appellant.
H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney, for appellee