A96A2143. ALEMAN v. THE STATE.
(480 SE2d 393)

McMURRAY, Presiding Judge.

Defendant Shelia Victoria Aleman and co-defendants Teresa Ann Stroud and Mari Lynn Hooks appeared before a jury to answer an indictment charging them with violation of the Georgia Controlled Substances Act (possession of more then one ounce of marijuana). During trial, defendant Aleman's attorney moved for a mistrial after the State's attorney elicited a response from an arresting officer which violated the trial court's ruling excluding defendant's admissions that she owned marijuana found at the arrest scene.[1] The trial court granted this motion based on the following excerpt from the State's attorney's direct examination of the arresting officer:

"[STATE'S ATTORNEY:] Q. Who, if anyone, was placed under arrest at [the crime scene]. A. [Defendant] Aleman was placed under arrest at that time. Q. And what was she charged with? A. Possession of marijuana with intent to distribute. Q. And why did you charge her with that particular crime? What was the basis of your — A. Because she was identified as the person to bring the dope — excuse me, to bring the marijuana to the location. Q. And were the other Defendants charged? A. No, sir. [Defendant] Stroud was charged at that time for misdemeanor possession of marijuana. Q. And was Defendant Hooks charged? A. No, sir. Q. And why wasn't she charged at that time — [DEFENDANT ALEMAN'S ATTORNEY]: Your

---

[1] The trial court's ruling regarding these admissions was made during a hearing conducted pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908).

Honor, I'm going to object to — their reasoning for doing or not doing something is not relevant. [STATE'S ATTORNEY]: Well, he argues on one hand, Your Honor, that it has everything to do with it, and now he's arguing on the other hand that it has nothing to do with it. THE COURT: You get closing on your objection. [DEFENDANT ALEMAN'S ATTORNEY]: Nothing further. THE COURT: I will overrule the objection. [STATE'S ATTORNEY]: Please go ahead. And why was she not — A. The other two were not charged because [defendant] Aleman stated that it was her marijuana. [DEFENDANT ALEMAN'S ATTORNEY]: Your Honor, I've got a motion I need to make, I guess, at this time outside the presence of the jury. . . . Your Honor, on behalf of [defendant] Aleman, I would move the Court to grant a mistrial. I think less than fifteen minutes ago the Court had ruled out statements that were allegedly made to [the arresting officer]. And now while still on direct examination it has been brought out by the State. And I don't think [that] there's any amount of curative instructions that the Court could give that would cure the damage that's been done in that regard. [STATE'S ATTORNEY]: Well, Your Honor, we would ask you to give the curative instructions, if you could, if you can remove the taint from that. We will just leave it in your club. I know it wasn't something that was intentional on the officer's part. THE COURT: Sounded intentional to me. You kept asking the questions, kept insisting on it. In fact, I overruled his objection because you insisted on it. [STATE'S ATTORNEY]: Well, the question that was asked, why she wasn't arrested — THE COURT: You knew what the answer was going to be because somebody else had admitted it was theirs. [STATE'S ATTORNEY]: That's not the answer that I was looking for, Your Honor. THE COURT: The motion is granted. We'll start all over."

Defendant Aleman filed a plea in bar based on double jeopardy grounds, arguing that she is entitled to discharge and acquittal because "[t]he actions by the State in asking a question which elicited testimony of admissions which had just been excluded were so flagrant that [the trial court] should consider them as intended to goad [defendant] Aleman into moving for a mistrial." The trial court denied this motion and later entered an order, finding that the State's attorney's question was "not intended to goad any of the Defendants into moving for a mistrial[, but was] an inartfully [sic] phrased question."

When the case was retried, a jury found defendant Aleman guilty of the crime charged. This appeal followed the denial of her motion for new trial. *Held*:

1. Defendant Aleman contends the trial court erred in denying her plea in bar, arguing that "prosecutorial misconduct" compelled her to move for a mistrial.

"The general rule is that where a mistrial is granted at the behest of the defendant, a retrial is not barred by principles of double jeopardy unless ' "the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial." ' *Fugitt v. State*, 253 Ga. 311, 315-316 (319 SE2d 829) (1984) (quoting from *Oregon v. Kennedy*, 456 U. S. 667, 675-676 (102 SC 2083, 72 LE2d 416) (1982))." *Mobley v. State*, 262 Ga. 808 (1), 809 (426 SE2d 150). In the case sub judice, defendant Aleman argues that the trial court's open court declaration that the State's attorney intended to elicit prohibited testimony from the arresting officer requires a finding that "the conduct of the State was specifically designed to 'goad' [her] into requesting a mistrial. . . ." This argument is without merit.

The controlling issue is not whether the State's attorney intended to elicit the prohibited testimony, it is whether the State's attorney specifically intended to "goad" defendant Aleman into requesting a mistrial. See *Williams v. State*, 258 Ga. 305, 310 (1), 312 (369 SE2d 232). "[A]nd such intent is a fact question for the [trial] court to resolve. [*State v. Whitehead*, 184 Ga. App. 162, 163 (361 SE2d 41)]." *Reed v. State*, 222 Ga. App. 376 (1), 377 (474 SE2d 264). In the case sub judice, the trial court found that the State's attorney's question to the arresting officer was "not intended to goad any of the Defendants into moving for a mistrial[, but was] an inartfully [sic] phrased question." Since the circumstances support these findings, denial of defendant's plea in bar was not error.

2. Defendant Aleman next contends the trial court erred in allowing the State's use of a scientific report which the State failed to provide her in violation of OCGA § 17-16-4 (a) (3).

"If the State fails to comply with OCGA § 17-16-4 (a) (3), the trial court may prohibit the State from introducing the evidence it improperly withheld from the defense. This sanction, however, applies only where there has been a showing of prejudice to the defense and bad faith by the State. OCGA § 17-16-6." *Tucker v. State*, 222 Ga. App. 517, 518 (3) (474 SE2d 696). In the case sub judice, defendant Aleman made no showing at trial that she was prejudiced as a result of the State's failure to make the scientific report in question available to her before trial. Consequently, the trial court did not err in allowing the State's use of this scientific report at trial.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED JANUARY 29, 1997.

*T. Michael Martin*, for appellant.
*Robert E. Keller, District Attorney, David B. Hornsby, Assistant*