## A98A1826. GUILD v. THE STATE.
### (512 SE2d 343)

Judge Harold R. Banke.

Russell Robert Guild was convicted of possession of cocaine and possession of marijuana. He enumerates six errors on appeal.

Guild's arrest occurred after law enforcement officers discovered the contraband at issue while attempting to question an occupant of a motel room. Guild was also in the room at the time. *Held*:

1. Guild argues that the trial court erred in denying his motion to suppress. We disagree.

In reviewing the denial of a motion to suppress, the evidence must be construed in the light most favorable to the trial court's decision. *Cates v. State,* 232 Ga. App. 262, 263 (501 SE2d 262) (1998). Unless clearly erroneous, we must accept the trial court's rulings on disputed facts. Id.

The Fourth Amendment does not require law enforcement officers lacking the precise level of information necessary for probable cause to shrug their shoulders and allow a crime to occur or a criminal to escape. *Dunbar v. State,* 228 Ga. App. 104, 111 (4) (491 SE2d 166) (1997). "On the contrary, *Terry v. Ohio,* 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), recognizes that it may be the essence of good police work to adopt an intermediate response," briefly stopping the suspicious person to investigate his identity or other relevant facts. (Punctuation omitted.) Id. Whether sufficient articulable suspicion exists must be determined from the totality of the circumstances. *Harris v. State,* 205 Ga. App. 813, 814 (1) (423 SE2d 723) (1992).

Here, during a single evening in an area known for drug trade, the arresting officer observed several apparent drug transactions in which men approached vehicles circling the Gateway Motel parking lot and ran into motel rooms upon noticing the patrol car. After parking his car, the officer watched Guild's co-indictee approach a vehicle in the parking lot, lean into the car and converse with its occupants. Although the officer did not specifically see any drugs, the man's actions, in a "known drug area," both at the vehicle and after he observed the officer and ran, provided reasonable suspicion sufficient to authorize a *Terry* stop. *Harris,* 205 Ga. App. at 814 (1); *In the Interest of J. L. G.,* 209 Ga. App. 565, 566 (434 SE2d 126) (1993) (in some circumstances, flight may provide sufficient evidence of consciousness of guilt to give rise to reasonable suspicion). When the

effort to stop the suspect proved impossible, *Terry* did not prohibit the officer from following the fleeing man to the motel room. *Holcomb v. State*, 191 Ga. App. 379, 380-381 (1) (381 SE2d 594) (1989).

The man left the door open a crack, and the officer prevented him from closing the door as they talked. Through the five- to ten-inch gap, the officer observed in plain view a number of small rocks of cocaine on a dresser five feet from the door. *Weaver v. State*, 208 Ga. App. 105, 107 (430 SE2d 60) (1993) (immediately after the investigatory stop the plain view doctrine came into effect). The officer then arrested all the room's occupants. Guild was sitting on the bed farthest from the door within ten feet of the cocaine. The officer also observed in plain view a small bag of marijuana on the other bed. Id. In these circumstances, we cannot say the trial court erred in declining to suppress the evidence.

2. Guild maintains the admission of a similar transaction was error because the incident was insufficiently similar.[1] In the similar transaction, authorities stopped a car in which Guild was a passenger because it matched a description given by witnesses to an armed robbery.[2] After Guild and one other man exited the back seat, officers found in plain view a bag containing eight pieces of crack cocaine.

In determining whether a prior transaction is sufficiently similar, courts must focus on the similarities of the occurrences rather than their differences, particularly when the purpose of the evidence is to establish intent, as opposed to identity or criminal signature. *White v. State*, 225 Ga. App. 74, 75 (2) (483 SE2d 329) (1997). Such transactions need not be identical in every respect, particularly when, as here, the logical connection between the alleged crime and the similar transaction is strong. Id.; see *Seabrooks*, 251 Ga. at 568 (2); *Fields v. State*, 223 Ga. App. 569, 571 (2) (479 SE2d 393) (1996). Here, both incidents occurred at night, in the same area, involved the same drug in amounts greater than that generally possessed for personal use and tended to show that Guild would deny all knowledge of contraband when caught in its proximity. Insofar as Guild denied that the cocaine at issue belonged to him, the prior transaction was clearly probative of his intent. *Sultenfuss v. State*, 185 Ga. App. 47, 49 (2) (363 SE2d 337) (1987).

3. Guild argues that the trial court erred in overruling his objection to the similar transaction testimony based on a failure to articulate the purpose for its admission. Although neither the State nor the

---

[1] By not raising the issue at trial, Guild waived his argument that the failure to make the required findings for this evidence's admission on the record required reversal. *Goss v. State*, 228 Ga. App. 411, 413 (2) (491 SE2d 859) (1997); *Seabrooks v. State*, 251 Ga. 564, 567 (1) (308 SE2d 160) (1983).

[2] The connection to the armed robbery was excluded.

trial court clearly stated the purpose of the similar transaction evidence during the hearing on that subject or in response to Guild's objection just prior to its admission, the jury was clearly instructed that its purpose was to show state of mind, knowledge, and intent. In these circumstances, we fail to see how the alleged error harmed Guild. *Matula v. State*, 264 Ga. 673, 675 (3) (449 SE2d 850) (1994); *Gardner v. State*, 263 Ga. 197, 198 (3) (429 SE2d 657) (1993). Notwithstanding Guild's contention to the contrary, the similar offense circumstantially showed that Guild was a party to the crime of joint constructive possession of cocaine. *White v. State*, 269 Ga. 74, 75 (2) (495 SE2d 278) (1998); *Blaise v. State*, 185 Ga. App. 653, 654 (1) (365 SE2d 499) (1988).

4. Guild contends that the trial court erred in admitting a scientific report which the State failed to provide him in violation of OCGA § 17-16-4. The report indicated that the contraband seized tested positive for cocaine and marijuana and was not provided to Guild until the day of trial.

" 'If the State fails to comply with OCGA § 17-16-4 (a) (3), the trial court may prohibit the State from introducing the evidence it improperly withheld from the defense. This sanction, however, applies only where there has been a showing of prejudice to the defense and bad faith by the State.' " *Aleman v. State*, 224 Ga. App. 391, 393 (2) (480 SE2d 393) (1997). Here, Guild made no such showing. The indictment charged Guild with possession of cocaine and marijuana, the cocaine field-tested positive, the witness who performed the test was timely included on the State's witness list and the transcript contains no evidence that the admission of the report impaired Guild's trial strategy in any way. Compare *Brady v. State*, 233 Ga. App. 287, 289 (2) (503 SE2d 906) (1998). Guild has not argued that he was surprised by the positive test results, and he declined a continuance. Compare id. In these circumstances, we cannot say the trial court abused its discretion in admitting the report. *McWhorter v. State*, 229 Ga. App. 875, 876 (2) (495 SE2d 139) (1997). This finding, however, is not meant to condone the State's failure to comply with the discovery statute. The report's presence in some sort of "pending drawer" rather than in Guild's file fails to buttress the State's claim that it did not have the report. See *Marshall v. State*, 230 Ga. App. 116, 118 (2) (495 SE2d 585) (1998).

5. The evidence, viewed in the light most favorable to the verdict, was sufficient to sustain the conviction. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The evidence showed that in a known drug area on several occasions, including once in the hours before the arrest, "several" black men met cars in the Gateway parking lot, engaged in some sort of transaction, and ran into the motel when police cruisers came into view while the cars sped away. The

arrest occurred after the officer witnessed what appeared to be a drug transaction in the parking lot and followed Guild's co-indictee to a room at the same motel. There, Guild and another man matching the description of the men seen running to the motel previously lounged in plain view of the cocaine and marijuana. While this evidence is not overwhelming, it is sufficient to create a jury question on whether Guild was guilty of joint constructive possession of the contraband, or was at least a party to the crime. See *Andrews v. State*, 219 Ga. App. 808, 809 (1) (466 SE2d 909) (1996); *Ryans v. State*, 226 Ga. App. 595, 597 (1) (487 SE2d 130) (1997).

6. We need not reach the remaining enumeration as it reiterates arguments addressed in Divisions 1 and 4.

*Judgment affirmed. Johnson, C. J., concurs. Barnes, J., concurs specially.*

BARNES, Judge, concurring specially.

I concur in the judgment reached by the majority in this case. I write separately, however, because Division 1 of the majority opinion does not address the reason why Guild claims the trial court should have granted his motion to suppress. Guild argues the officer violated the Fourth Amendment when he prevented Jones from closing the motel room door. Thus, according to Guild, the officer's ability to see the crack cocaine on the dresser was based upon a Fourth Amendment violation. As a result, the plain view doctrine should not have been applied because there was no prior valid intrusion before the evidence was observed and seized.

This argument is without merit. The trial court was authorized to infer from the evidence presented during the motion to suppress hearing that the officer saw the crack cocaine on the dresser *before* he prevented Jones from closing the motel room door. None of the evidence showed the officer could see crack cocaine lying in plain view only because he prevented Jones from closing the door. Since we are required to construe the evidence most favorably to upholding the trial court's order on a motion to suppress, the majority opinion reaches the correct result when it affirms the trial court's denial of Guild's motion to suppress.

DECIDED FEBRUARY 12, 1999.

*Stanley C. House*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.