## A00A1762. SUTTON v. THE STATE.
### (539 SE2d 227)

JOHNSON, Chief Judge.

A jury found Kelvin Sutton guilty of possession of cocaine with the intent to distribute. He appeals, alleging (1) the evidence was insufficient to support his conviction, (2) the trial court erred in admitting evidence of similar transactions, (3) the prosecutor impermissibly bolstered the testimony of a state witness, and (4) the trial court failed to give an adequate limiting instruction on the similar transaction evidence. Because each of these arguments lacks merit, we affirm Sutton's conviction.

1. On appeal, the evidence is viewed in the light most favorable to support the jury's verdict, and Sutton no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] Viewed in this light, the evidence shows that police set up surveillance of 1126 Osborne Street in Fulton County. The surveillance lasted approximately 20 minutes. Officers observed Sutton and Gregory Bell in the area. Bell walked to 1139 Osborne Street and asked a woman at that location for "20 sacks." The woman gave Bell a package, and he gave her some money. Bell then returned to 1126 Osborne Street, where he joined Sutton on the hood of a car parked in the driveway of the residence.

Officers observed two suspected drug transactions take place from the hood of the car. The second time, Sutton took the money from the suspected buyer. Later, a pedestrian approached the car, and an officer heard him warn Sutton and Bell that police were in the area. Bell then got up from the hood and placed a plastic bag con-

---

[1] *Young v. State*, 242 Ga. App. 681 (1) (530 SE2d 758) (2000).

taining the cocaine under a cinder block in the yard of 1126 Osborne Street. He then returned to the hood of the parked car.

A short time later, a car approached Sutton and Bell. Sutton told the individual, "go on, go on." The driver proceeded down Osborne Street, turned around and came back to 1126 Osborne Street. Sutton got off the hood of the car and yelled, "You got to be told twice? We got good dope. We ain't selling to you."

The officers observed one additional drug transaction. A pedestrian gave Bell money, and Bell retrieved suspected cocaine from the plastic bag under the cinder block and gave it to the pedestrian. Officers then arrested both Sutton and Bell. Eleven hits of crack cocaine were discovered in the plastic bag retrieved from the cinder block. It is undisputed that officers never observed Sutton handling any drugs during these transactions.

Sutton argues that because he never actually possessed or handled the cocaine, he cannot be found guilty of possession of cocaine with intent to distribute. We disagree. "Possession may be joint or exclusive, and actual or constructive."[2] It is true that spatial proximity alone, or mere presence at the scene of the crime, with nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction.[3] If the evidence of the location of the contraband were the only evidence presented, then Sutton might be correct in his analysis. However, Sutton's proximity to the drugs was not the only evidence to support a conviction based upon parties to a crime with joint constructive possession. Sutton took the money during one of the drug transactions and told another suspected purchaser they had "good dope" but would not sell it to him. Based on the evidence in the record, the jury was authorized to find that Sutton was in constructive possession of the cocaine and was an active participant in the selling of the cocaine.[4]

2. Sutton maintains the admission of two similar transactions was error because the incidents were insufficiently similar and were offered merely to impugn his character. As to the first incident, the arresting officer testified that approximately three years earlier he observed Sutton and another individual making a drug transaction. When Sutton and the other individual saw the officers, "they dropped a bag of cocaine which had 15 hits of crack in it." Sutton was arrested with one hit of crack cocaine in his hand and $420 in his pocket. He was convicted of possession of cocaine with intent to distribute. A certified copy of his conviction was admitted into evidence.

As to the second similar transaction, the arresting officer testi-

---

[2] (Citations omitted.) *Sanders v. State*, 199 Ga. App. 671, 672 (2) (405 SE2d 727) (1991).

[3] *Shirley v. State*, 166 Ga. App. 456, 457 (1) (304 SE2d 468) (1983).

[4] See *Eason v. State*, 234 Ga. App. 595, 596-597 (1) (507 SE2d 175) (1998).

fied that approximately two years earlier he and another officer were near 1126 Osborne Street investigating complaints of drug sales. He observed Sutton with a group of individuals. Sutton saw the police and started to "walk away at a very quick pace." He was told to stop, but continued to the porch of 1126 Osborne, where he dropped a plastic bag containing ten hits of crack cocaine. Sutton was indicted for possession of cocaine with intent to distribute. A certified copy of his plea to simple possession of cocaine was admitted into evidence.

In determining whether prior transactions are sufficiently similar, courts must focus on the similarities of the occurrences rather than their differences, particularly when the purpose of the evidence is to establish intent, as opposed to identity or criminal signature.[5] Here, the prior acts involved the same type of drug, crack cocaine; one of the acts occurred at precisely the same location as the charged offense, outside 1126 Osborne; and both prior acts involved indictments charging Sutton with possession with intent to distribute. Moreover, insofar as Sutton denied that he possessed the cocaine at issue or that he was an active participant in the drug transactions in the present case, evidence that he had engaged in similar conduct in the past was properly admitted to establish his bent of mind and course of conduct.[6] The trial court's finding of similarity was not clearly erroneous.[7]

3. Sutton contends the state's closing argument was improper because the prosecutor bolstered the officer's testimony. However, a review of the record discloses that Sutton failed to object to any allegedly improper comments either during or after the state's closing argument. "It is necessary to object to an alleged irregularity in an attorney's closing argument at the time it is actually made, and failure to do so amounts to a waiver of any objection that might have been raised."[8] Because Sutton failed to make a timely objection, the argument is waived.

4. The trial court did not err in its limiting instruction to the jury on the similar transaction evidence. At the outset, we note that the state, and not Sutton, requested that the trial court provide a limiting instruction on the similar transaction evidence during the trial. Additionally, Sutton did not object to the limiting instruction given, either during trial or after the jury charges were read at the conclusion of the trial. And, in fact, Sutton's requested jury charge on this

[5] *Guild v. State*, 236 Ga. App. 444, 445 (2) (512 SE2d 343) (1999).

[6] *Jones v. State*, 243 Ga. App. 374, 376-377 (2) (533 SE2d 437) (2000); see *Guild*, supra; *Sultenfuss v. State*, 185 Ga. App. 47, 49 (2) (363 SE2d 337) (1987).

[7] See *Tate v. State*, 230 Ga. App. 186, 188 (2) (495 SE2d 658) (1998).

[8] (Citation omitted.) *Williams v. State*, 191 Ga. App. 217, 218 (2) (381 SE2d 399) (1989); see also *Robbins v. State*, 243 Ga. App. 21, 24 (4) (532 SE2d 127) (2000).

issue was given.

Sutton now complains that the trial court's limiting instruction did not instruct the jury that before it considered evidence of similar transactions for any purpose, it had to be satisfied that the defendant on trial is the same person to whom the evidence on similar transactions applies. Having failed to timely object to the limiting instruction or to inform the trial court of any further instruction he wished to be given, Sutton cannot now complain.[9]

Furthermore, immediately following the limiting instruction the court instructed the jury as follows:

> The court does not express any opinion as to whether the defendant has had any other offenses. This is a matter solely for your determination. If you believe such has been proven, however, you are strictly limited in your consideration of the evidence as to identity, intent, method of operation, course of conduct.

Taken as a whole, the instruction given adequately informed the jury about the limits on its consideration of the similar transaction evidence.[10]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 13, 2000.

*Elaine T. McGruder*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys*, for appellee.

---

[9] See *Parrish v. State*, 237 Ga. App. 274, 281 (5) (514 SE2d 458) (1999).
[10] See *Maldonado v. State*, 240 Ga. App. 497, 498 (4) (523 SE2d 917) (1999).
[1] *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998).