## A02A1203. BANISTER v. THE STATE.
(570 SE2d 11)

BLACKBURN, Chief Judge.

Following a jury trial, Jimmy Ray Banister appeals his conviction for theft by receiving a stolen vehicle,[1] contending that the trial court erred by admitting similar transaction evidence of a prior guilty plea. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that, on the evening of May 23, 2000, a suspicious citizen called police when she witnessed a gold Volvo crashing through the gate of an auto shop across the street from her home. A couple of hours later, Banister was pulled over by Deputy Paul Ward for driving erratically. Deputy Ward asked Banister for his driver's license

---

[1] Banister also pled guilty to operating a motor vehicle after revocation of his license as an habitual violator, driving under the influence, and giving a false name to a law enforcement officer.

and insurance card, and Banister "started patting around like he was looking for his driver's license." Banister then lied that he had left his license at home and gave Deputy Ward a false name and date of birth. Deputy Ward immediately noticed the smell of an alcoholic beverage on Banister's breath. After checking with his dispatcher and confronting Banister about his lies, Deputy Ward discovered that Banister was an habitual violator and that the car he was driving had been stolen from the auto shop earlier in the evening.

Deputy Ward then asked Banister to perform field sobriety tests. At that point, Banister became irate and started to curse. To avoid any further confrontation, Deputy Ward handcuffed and arrested Banister. Banister was then taken to the police station and formally charged.

During trial, the State was allowed to elicit evidence of a prior theft by receiving incident to which Banister pled guilty in 1991. Lieutenant Larry Gibson testified that, on January 26, 1991, he stopped Banister for weaving. Lieutenant Gibson then requested Banister's license and proof of insurance, and, after fumbling through his wallet, Banister failed to provide the requested information. Lieutenant Gibson asked Banister to step out of the car and noticed a strong alcohol beverage smell. Shortly thereafter, Lieutenant Gibson discovered that the car that Banister was driving had been stolen.

At that point, Lieutenant Gibson, who was on a motorcycle, called a paddy wagon to pick up Banister. Lieutenant Gibson determined that field sobriety tests were unnecessary because Banister was so obviously impaired. After Lieutenant Gibson informed Banister that he was under arrest for theft by receiving, driving under the influence, and driving without a license, Banister became irate and started to curse. Banister subsequently pled guilty to this crime.

In this appeal, Banister argues that the 1991 similar transaction should not have been admitted into evidence because it was too dissimilar and too remote. This argument is patently erroneous.

"[M]ere lapse of time between the commission of any prior similar crime and the commission of the offense currently at trial does not render the evidence automatically inadmissible; lapse of time is but one factor to be taken into consideration in determining admissibility." Harris v. State.[2] "It is, moreover, the similarity of the offenses within the meaning of Williams v. State[3] that determines the admissibility of such evidence, not whether the span of time between offenses is brief." Nelson v. State.[4]

---

[2] Harris v. State, 222 Ga. App. 52, 54 (2) (a) (473 SE2d 232) (1996).
[3] Williams v. State, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).
[4] Nelson v. State, 242 Ga. App. 63, 65 (4) (528 SE2d 844) (2000).

In this case, both crimes are markedly similar. On each occasion, Banister was discovered driving a stolen car while under the influence. In both cases, he lied to arresting police, failed to produce a license, and became irate. There is no question that the 1991 conviction was sufficiently similar to the present crime, and, although there may have been some differences between the two incidents, courts must focus on similarities, not differences, when determining whether prior transactions are sufficiently similar. *Guild v. State.*[5] Given the similarity between the two incidents in question, the trial court did not abuse its discretion in admitting the former conviction. *Arnold v. State.*[6]

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JULY 24, 2002 —
RECONSIDERATION DENIED AUGUST 8, 2002.

*Richard M. Thompson, Mary Erickson,* for appellant.
Jimmy R. Banister, *pro se.*
*David McDade, District Attorney, James E. Barker, Assistant District Attorney,* for appellee.

