## A04A0283. WILLIAMS v. THE STATE.
(598 SE2d 914)

JOHNSON, Presiding Judge.

A jury found Garland Williams guilty of eight counts of child molestation involving four different children. Williams appeals, alleging the trial court erred in failing to give the jury proper limiting instructions concerning evidence of a similar transaction. We find no error and affirm Williams' convictions.

We first note that the State, not Williams, requested that the trial court provide a limiting instruction on the similar transaction testimony during the trial. Additionally, Williams did not object to the limiting instruction given either during the trial or after the jury charges were read at the conclusion of the trial. "Having failed to timely object to the limiting instruction or to inform the trial court of any further instruction he wished to be given, [Williams] cannot now complain."[1]

Even though Williams waived the issue by his failure to object to the trial court's instruction, we hold that the instruction was correct because the court twice limited the jury's consideration of the similar transaction evidence to determining Williams' "intent, motive, bent of mind, course of conduct, or lack of mistake in the crimes charged in the case now on trial." In addition, the trial court instructed the jury:

> Such evidence, if any, may not be considered by you for any other purpose. The Defendant is on trial for the particular offenses charged in this bill of indictment and he is not on trial for the other offenses or transactions. The Court does not

[1] See *Sutton v. State*, 245 Ga. App. 881, 884 (4) (539 SE2d 227) (2000); *Parrish v. State*, 237 Ga. App. 274, 281 (5) (514 SE2d 458) (1999).

express an opinion as to whether the Defendant has committed any other offenses or transactions. This is a matter solely for your determination.

Taken as a whole, the instruction adequately informed the jury about the limits on its consideration of the similar transaction evidence.[2] There was no error.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED APRIL 28, 2004.

*Donna A. Seagraves*, for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

---

[2] *Glass v. State*, 255 Ga. App. 390, 395 (3) (565 SE2d 500) (2002); *Sutton, supra.*